No. 41,244

STATE OF KANSAS, *Appellee*, v. ALLAN HICKERSON, *Appellant.*

(337 P. 2d 706)

Opinion filed April 11, 1959.

*Elmer Hoge*, of Overland Park, argued the cause, and was on the briefs for the appellant.

*Herbert W. Walton*, assistant county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, *Robert Hoffman*, assistant attorney general, and *John J. Gardner*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellant was charged in the magistrate court of Johnson county with molesting a minor child. After a trial and conviction appellant appealed to the district court. After the case reached the district court, the state filed a new information changing the alleged date of the crime. Thereupon, appellant filed a plea of former jeopardy and a plea in abatement. At a hearing before the district court, the court sustained a demurrer to the plea of former jeopardy and also entered an order overruling the plea in abatement.

Appellant has appealed from those orders of the district court assigning error therein.

At the outset, we are faced with a question not raised and briefed by the parties. It is clear that the statutes pertaining to criminal procedure and to appeal in criminal cases only provide for an appeal by a defendant in a criminal case after a final judgment therein. Section 62-1701 of G. S. 1949 reads as follows:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him; and upon the appeal any decision of the court or intermediate order made in the progress of the case may be reviewed."

In *State v. Brown*, 144 Kan. 573, 61 P. 2d 901, the syllabus reads:

"In a criminal action an appeal does not lie from an order sustaining a demurrer to a plea abatement until after trial and final judgment on the information."

In the opinion, after stating the law of the above syllabus, the court continued:

"Counsel for both parties recognize this to be the law, but nevertheless they have joined in a written request for this court to pass upon the question sought to be raised by the plea in abatement, for the reason that the trial would be expensive and would result in a useless waste of time and money if it should be finally held the plea in abatement is good. It is also well settled, as a general rule of law in this state, that parties to an action cannot, by consent, give jurisdiction of a cause to a court which, under our constitution and statutes, has no jurisdiction. (*Cohen v. Trowbridge*, 6 Kan. 385; *Phillips v. Thralls*, 26 Kan. 780; *Van Bentham v. Comm'rs of Osage Co.*, 49 Kan. 30, 30 Pac. 111; *Hartzell v. Magee*, 60 Kan. 646, 57 Pac. 502; *Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369; *Samson v. United States Fidelity and Guaranty Co.*, 131 Kan. 59, 63, 289 Pac. 427.)" (p. 573.)

Attention may also be directed to the case of *State v. Wallace*, 172 Kan. 734, 243 P. 2d 216, in which the late Mr. Chief Justice Harvey, who wrote the opinions in both the Brown and Wallace cases, cites many additional cases to the effect that this court has no appellate jurisdiction in criminal cases until after final judgment.

The appeal herein must be dismissed. It is so ordered.