(579 P.2d 167)

No. 49,644

STATE OF KANSAS, *Appellee*, v. ALFONZO J. FISHER, *Appellant*.

Petition for review denied July 17, 1978.

Opinion filed June 2, 1978.

*Fred W. Phelps* of Fred W. Phelps—Chartered, of Topeka, for the appellant.

*Stuart W. Gribble*, assistant district attorney, *Brad Bergman*, legal intern, *Vern Miller*, district attorney, and *Curt T. Schneider*, attorney general, for the appellee.

Before SPENCER, P.J., REES and MEYER, JJ.

SPENCER, J.: Defendant was brought to trial on September 26, 1977, on an information charging him with twenty counts of forgery (K.S.A. 21-3710). During *voir dire* defense counsel told the jury that, in a civil case as opposed to a criminal case, "nobody is going to be put in jail, nobody is going to be deprived of his liberty." The trial judge sustained an objection to the statement and cautioned defense counsel not to argue possible sentence to the jury. The matter was later discussed in chambers with the trial judge again admonishing defense counsel to make no reference to possible sentence.

On the fourth day of trial, a tape-recorded statement of Joan Norwood, the State's principal witness, was played to the jury. In that statement, Norwood indicated that defendant had stolen the checks, provided her with identification, and accompanied her when she cashed the checks at banks and retail stores. She also stated that no promises or threats had been made to her before she gave her statement to the police.

During cross-examination, defense counsel asked Norwood the following question:

"Did you understand, when you were talking about admitting to writing all of those checks and passing all of those checks, that each incident held the possibility of three to ten years in prison?"

The State immediately objected and, outside the presence of the jury, moved for a mistrial "for the reason that Mr. Phelps has interjected into the record on cross-examination the possibility of sentence in a Class D felony forgery case, referring to the very same counts, some of them, that Mr. Fisher is charged with . . . ." The motion was sustained and a mistrial was declared over objection by defendant.

Defendant subsequently filed a motion for discharge on grounds of double jeopardy. The trial court denied the motion and defendant has appealed to this court.

We are immediately confronted with the issue of the jurisdiction of this court to consider on appeal a pre-trial order denying a motion for discharge on grounds of double jeopardy.

It has repeatedly been held that the "right to an appeal is neither a vested nor constitutional right, but is strictly statutory in nature . . . ." *In re Waterman,* 212 Kan. 826, 830, 512 P.2d 466 (1973); *State v. Burnett,* 222 Kan. 162, 563 P.2d 451 (1977).

K.S.A. 1977 Supp. 60-2101(a) provides in part:

". . . Appeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 1977 Supp. 22-3601 and 22-3602, and any amendments thereto . . . ."

K.S.A. 1977 Supp. 22-3602(a) provides in part:

"An appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against said defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed . . . ."

In *State v. Hickerson,* 184 Kan. 483, 337 P.2d 706 (1959), the court noted what is now K.S.A. 1977 Supp. 22-3602(a), supra, and stated:

". . . It is clear that the statutes pertaining to criminal procedure and to appeal in criminal cases only provide for an appeal by a defendant in a criminal case after a final judgment therein . . . ." (184 Kan. at 484.)

In *Hickerson,* it was specifically held that, in a criminal action, an appeal does not lie from an order sustaining a demurrer to a plea of former jeopardy until after trial and final judgment. The court

there directed attention to the case of *State v. Wallace,* 172 Kan. 734, 243 P.2d 216 (1952), and cases cited therein.

Defendant urges this court to accept jurisdiction and has referred us to the case of *Abney v. United States,* 431 U.S. 651, 52 L.Ed.2d 651, 97 S.Ct. 2034 (1977). Defendant argues that, regardless of what the law of Kansas may have been prior to *Abney,* such must now yield to the construction given the United States Constitution by the United States Supreme Court. While that position is accurate, the issue is not so clearly defined.

The question in *Abney* was not whether there was a constitutional right to appeal from denial of a pre-trial motion to dismiss an indictment on grounds of double jeopardy, but whether such denial was a "final decision" within the meaning of 28 U.S.C. § 1291. That section provides:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court."

This statute applies to both civil and criminal appeals in the federal courts. *Abney,* supra, at n. 4. In Kansas, however, K.S.A. 1977 Supp. 60-2101(a), supra, makes appeals in criminal cases subject to the separate criminal appeals statutes, K.S.A. 1977 Supp. 22-3601 and 3602, while appeals in civil cases are subject to K.S.A. 60-2102. The latter statute in subsection (*a*) (4) is virtually identical to the federal statute (28 U.S.C. § 1291) construed in *Abney.* It allows appeals to the court of appeals from "[*a*] *final decision* in any action, except in an action where a direct appeal to the supreme court is required by law . . . ." (Emphasis added.) On the other hand, K.S.A. 1977 Supp. 22-3602(a), supra, provides for appeals by the defendant as a matter of right in criminal cases from any "*judgment* against said defendant . . . ." (Emphasis added.)

In holding that the order denying the motion to dismiss on grounds of double jeopardy was a "final decision," the United States Supreme Court relied upon the "collateral order" exception to the final judgment rule first announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 93 L.Ed. 1528, 69 S.Ct. 1221 (1949). As explained in that case, quoted in *Abney,* this doctrine is concerned with "'that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review

and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" (431 U.S. at 658-659.) We are unaware of any authority in this state wherein the "collateral order" exception to the final judgment rule has been adopted or even considered.

In *Abney,* the Supreme Court held that the denial of a motion to dismiss based on double jeopardy fits within the "collateral order" exception because first, the order constitutes a complete and final rejection of the double jeopardy claim; second, the very nature of the double jeopardy claim makes it separable from and collateral to the issue of the trial, *i.e.,* the guilt or innocence of the accused; and third, since the double jeopardy protection extends not just to being twice *convicted* of the same crime, but to be twice *placed on trial,* in order to "enjoy the full protection of the Clause, [defendant's] double jeopardy challenge to the indictment must be reviewable before that subsequent exposure [to trial] occurs." (431 U.S. at 662.)

The United States Supreme Court in *Abney* also stated that the federal appeals statute did not "uniformly limit appellate jurisdiction to 'those final judgments which terminate an action' . . .'" and pointed out that Justice Jackson, the author of *Cohen,* had later stated:

" '[I]t is a final *decision* that Congress has made reviewable . . . . While a final judgment always is a final decision, there are instances in which a final decision is not a final judgment.' *Stack v. Boyle,* 342 U.S. 1, 12 (1951) (separate opinion)." (431 U.S. at 658.)

For a further discussion of *Abney,* see *United States v. MacDonald,* 435 U.S. 850, 56 L.Ed.2d 18, 98 S.Ct. 1547 (1978).

As the previous discussion illustrates, *Abney* dealt with the construction of the federal appeals statute which allows appeals from "final decisions" in criminal cases. Kansas, on the other hand, provides for appeals in criminal cases only from "any judgment" against the defendant. As *Abney* indicates, there is a distinction between final decisions and judgments.

As in *Abney,* we recognize that the Fifth Amendment to the Constitution of the United States and Section 10 of the Bill of Rights to the Constitution of the State of Kansas protect against being twice put in jeopardy for the same offense, and that such includes the right not to be tried twice for the same offense. *State*

*v. Carte,* 157 Kan. 673, 143 P.2d 774 (1943); *State v. Bloomer,* 197 Kan. 668, 421 P.2d 58 (1966). We recognize also that this important constitutional right may be lost to the defendant if he is compelled to again go to trial on the charges against him without having been able to present the issue of former jeopardy to an appellate court. However, there is no constitutional right to appeal and our statute, as interpreted by the Supreme Court, precludes review of that issue in this manner at this time. If error was committed by the trial court in denying the motion for discharge, this court is without jurisdiction to correct that error in these proceedings.

As a final point, defendant also argues that the State, on hearing of the motion below, agreed that the order was appealable. Be that as it may, the State cannot by acquiescence confer jurisdiction on this court if it does not exist. *State v. Hickerson,* supra; *Henderson v. Hassur,* 1 Kan. App. 2d 103, 562 P.2d 108 (1977).

Having so decided, we express no opinion as to the merits of defendant's motion for discharge and, with considerable reluctance, dismiss this appeal.