HUBERT TAYLOR, Judge.
Appellant, Benny Ray Jones, was convicted of robbery in the first degree and sentenced to life imprisonment without parole. The issue on appeal is whether a denial of a pretrial plea of former jeopardy is immediately appealable.
Jones contends that the denial of his plea is a final judgment within the meaning of § 12-22-2, Code of Alabama 1975, and immediately appealable based on the authority of Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The right of appeal in a criminal case is wholly statutory and the statutes granting it are strictly construed. Bell v. State, 367 F.2d 243 (5th Cir.1966), cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967); State v. Gautney, 344 So.2d 232 (Ala.Cr.App.1977). The more specific, and therefore controlling, statute dealing with this subject is § 12-22-130, which indicates that a person must be convicted before he can appeal. This is in accord with all of the case law from our State.
Although the briefs submitted to this court were not helpful on this point, the issue has been decided in several other jurisdictions. In People ex rel. Mosley v. Carey, 74 Ill.2d 527, 25 Ill.Dec. 669, 387 N.E.2d 325, cert. denied, 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979), the Supreme Court of Illinois held that Abney, supra, did not constitutionally require the states to grant immediate appellate review of a pretrial denial of a plea of former jeopardy. We agree. Unlike the statute relied on in Abney, the statute relied on by Jones pertains almost exclusively to civil matters.
Additionally, the Kansas Court of Appeals in State v. Fisher, 2 Kan.App.2d 353, 579 P.2d 167 (1978), made the same distinction. That court noted that the federal statute applied to both civil and criminal cases, while Kansas had separate statutes for each type of ease. The court went on to note, appropriately so, that the Abney case did not determine whether there was a constitutional right to appeal from the denial of a pretrial motion to dismiss an indictment on the grounds of double jeopardy, but whether such denial was a final decision within the meaning of the federal statute.
Although we realize there is a split of authority,[1] we take the view that a denial of a pretrial motion based on a plea of double jeopardy is not immediately appeala-ble.
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.

. State v. Jenich, 94 Wis.2d 74, 288 N.W.2d 114 (1980); Commonwealth v. Bolden, 472 Pa. 602, 373 A.2d 90 (1977); El Paso v. Ruth, 194 Colo. 352, 575 P.2d 1 (1977); Gray v. State, 36 Md.App. 708, 375 A.2d 31 (1977).