Appellant, Barry Joe Burleson, was involved in an automobile collision in Tuscaloosa County on July 24, 1986, and, as a result, was charged with driving under the influence of alcohol. Ala. Code (1975), § 32-5A-191. He pleaded guilty to the charge on January 8, 1987, in the district court. Subsequently, on May 28, 1987, he was indicted by the grand jury for assault in the first degree, Ala. Code (1975), § 13A-6-20(a)(3), the offense allegedly arising out of the automobile collision of July 24, 1986. After pleading not guilty, appellant moved for a dismissal of the assault charge on double jeopardy grounds, contending that, since he had pleaded guilty to driving under the influence of alcohol, he cannot now be tried for the offense of assault arising out of the same incident. After an evidentiary hearing, his motion to dismiss was overruled by the trial court. He appeals from the trial court's denial of his motion to dismiss and, in support of his contention that he has a right to appeal from such an order, he relies on Abney v.United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651
(1977).
We initially dismissed the appeal on January 6, 1988,524 So.2d 388 (Ala.Cr.App.), on the ground that the trial court's order overruling the motion to dismiss was non-appealable; however, we subsequently reinstated the appeal on February 1, 1988, on motion of appellant, in order to consider an additional brief and argument filed by appellant.
A threshold matter which must be resolved before we can reach the double jeopardy issue is whether the trial court's order is a final judgment or conviction from which an appeal is authorized. We have previously addressed this issue and held that a denial of a pretrial motion based on a plea of double jeopardy is not immediately appealable. Jones v. State,450 So.2d 186 (Ala.Cr.App. 1984). After considering the briefs and arguments of the parties herein and after a full consideration of this matter, we reaffirm our holding in Jones. In our opinion, the trial court's order does not constitute a final judgment or conviction from which an appeal will lie. Ala. Code, §§ 12-22-2 and 12-22-130. Since the trial court's order is not appealable under our statutes, this appeal is due to be, and it is hereby, dismissed.
APPEAL DISMISSED.
All Judges concur. *Page 187