ARTHUR SCHWARTZ, Plaintiff, *v.* LEO GREENBERG, Defendant.

Supreme Court, Special Term, Westchester County, January 5, 1951.

*Martin H. Young* for defendant.

*Albert E. Schwartz* and *Paul Miller* for plaintiff.

DAVIS, J.  In an action to recover damages for an alleged breach of a contract for the sale by plaintiff to defendant of shares of stock, defendant moves under rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the alleged contract upon which the cause of action is based is unenforcible under the Statute of Frauds.

Defendant's motion is denied.  As appears from plaintiff's answering affidavit, although each of the parties to the action signed one of the counterparts of the contract of sale, there was no exchange of either copy, the closing having been adjourned to the following day to permit defendant to cause his check for the purchase price to be certified.  It is further alleged that on the adjourned date defendant refused to purchase the stock, whereupon his attorney tore out that portion of the instrument upon which defendant's signature appeared and delivered the defaced writing to plaintiff's attorney.

Even though there were no delivery of the instrument as a contract, its delivery, as a memorandum effectual to satisfy the Statute of Frauds, would not be necessary. (*Argus Co.* v. *Mayor of City of Albany,* 55 N. Y. 495; see, also, **2** Williston on Contracts [Rev. ed.], § 579A: 25 R. C. L., Statute of Frauds,

§ 312.) The writing having been signed by the party sought to be charged, its defacement or destruction would not render the writing ineffectual as a memorandum sufficient to satisfy the Statute of Frauds as proof of the making and contents of the writing may be established by parol evidence. (Restatement, Contracts, § 216.)

Settle order.