No. 57,598

GEORGE REED, *Appellee*, v. PAUL HESS, *et al, Appellants*.

(716 P.2d 555)

Opinion filed March 28, 1986.

*Karl V. Shawver, Jr.*, of Shawver & Shawver, of Paola, argued the cause and was on the brief for the appellants.

*Lynn E. Martin*, of Paola, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a contract action in which George Reed (plaintiff-appellee) sued Paul Hess, Anne Oliver Hess, and Maxine Oliver (defendants-appellants) for $16,300. During pretrial discovery, the trial court imposed monetary sanctions totaling $900 against defendants and they appeal from the orders imposing those sanctions. The trial court granted plaintiff's motion for summary judgment and denied the defendants' motion for summary judgment and defendants appeal those rulings. The

case was transferred from the Court of Appeals to the Supreme Court on this court's motion.

The controlling facts are not in dispute.

Under the terms of the will of Earl LaFontaine Hennigh, John Oliver, father of Anne Oliver Hess and husband of Maxine Oliver, was named the executor. In the event the testator's real estate was to be sold, John Oliver was granted the first option to purchase certain real estate. If John Oliver declined, the second option to purchase was devised to George Reed, plaintiff herein.

John Oliver was very interested in purchasing the property and had inquired into financial arrangements. However, before he could exercise his first option to purchase, John Oliver died March 22, 1978. On April 19, 1978, Anne Oliver Hess was appointed administratrix de bonis non of the Hennigh estate and she filed a petition for sale of the real estate at a private sale on September 18, 1978. A dispute arose between the parties. Plaintiff contended he had the second opportunity to purchase, while the heirs of John Oliver—Anne Oliver Hess, Maxine Oliver, and Rebecca Jane Oliver (since deceased)—contended they had inherited the first opportunity to purchase. This dispute was eventually taken to the Kansas Court of Appeals where, in an unpublished opinion rendered March 27, 1981, the Court of Appeals ruled the heirs of John Oliver did not inherit his first option to purchase and, therefore, plaintiff was eligible to exercise his option under the terms of the will.

Defendants still wanted to buy the real estate and, on October 27, 1981, plaintiff and defendant Paul Hess entered into the contract in question. Both of them signed the contract at that time. Defendants Anne Oliver Hess and Maxine Oliver signed the contract in September 1982. The contract, which is set forth later in the opinion, contained two provisions. For consideration of $16,300, plaintiff first assigned to defendants any and all rights he acquired under the Hennigh will, including his option to purchase. Plaintiff also agreed, for the same amount of consideration, not to sue the defendants over the mishandling of the Hennigh estate.

On October 5, 1982, as administratrix de bonis non, Anne Oliver Hess again petitioned the probate court for sale of the real estate at private sale. In that petition she stated plaintiff assigned his right to purchase the real property in question to defendants

for the sum of $16,300, and on September 14, 1982, the probate court ordered the land to be sold to pay expenses. Defendants did not pay plaintiff the agreed-upon sum, and in a separate action, plaintiff sued defendants on March 24, 1983, for $16,300, plus twelve per cent interest from October 12, 1981, based on the assignment of plaintiff's rights under the Hennigh will. Subsequently, the probate court ordered the plaintiff to exercise his option to purchase by January 4, 1984. If plaintiff declined, he forfeited his right. The plaintiff never exercised his option to purchase.

In its journal entry filed April 16, 1984, the trial court granted plaintiff's motion for summary judgment on the contract action and denied defendants' motion.

Other facts relevant to the issues on appeal concern monetary sanctions imposed by the trial court during pretrial discovery.

Defendants had failed to answer plaintiff's interrogatories within the statutory time period of 30 days as provided by K.S.A. 60-233(a) and plaintiff moved to compel and to assess attorney fees as provided by K.S.A. 60-237. The trial court granted defendants another four days in which to answer the plaintiff's interrogatories. When defendants again failed to comply, plaintiff moved for a default judgment or, in the alternative, to compel defendants to answer and to award plaintiff reasonable attorney fees. At the hearing on plaintiff's motion, the trial court found defendants had willfully and intentionally disobeyed previous court orders, had deliberately attempted to frustrate the progress of plaintiff's lawsuit to the prejudice of plaintiff, and awarded plaintiff reasonable attorney fees of $300, as a sanction against defendants for their dilatory tactics.

Defendants filed their answers to plaintiff's interrogatories on August 18, 1983. A hearing on plaintiff's motion for a default judgment was held August 22, 1983, and after examining defendants' answers to the interrogatories and finding many of the answers to be deficient and non-responsive, the trial court awarded plaintiff an additional $300 judgment for attorney fees as a result of defendants' failure to comply with 60-233(a).

Finally, on November 10, 1983, a hearing was held on plaintiff's motion to compel defendants to deliver their pretrial questionnaire as ordered by the trial court. Although defendants received notice of the hearing they failed to appear, and the trial

court again awarded plaintiff a $300 judgment for reasonable attorney fees as a sanction for defendants' failure to appear, and comply with court orders. This third sanction, however, was imposed only against defendants Paul Hess and Anne Oliver Hess.

The first issue discussed on appeal is whether the trial court erred in granting plaintiff's motion for summary judgment.

The general rules concerning summary judgments are well established as set forth in *Allegri v. Providence-St. Margaret Health Center*, 9 Kan. App. 2d 659, 662-63, 684 P.2d 1031 (1984), as follows:

" 'Summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact remaining, leaving the moving party entitled to a judgment as a matter of law." *Zehring v. Wickham*, 232 Kan. 704, 706, 658 P.2d 1004 (1983).

" 'As a general rule, an appellate court, in examining the validity of a motion for summary judgment, should read the record in the light most favorable to the party who defended against the motion. It should accept such party's allegations as true, and it should give him the benefit of the doubt when his assertions conflict with those of the movant.' *Stanfield v. Osborne Industries, Inc.*, 7 Kan. App. 2d 416, Syl. ¶ 7, 643 P.2d 1115, *aff'd in part, rev'd in part* 232 Kan. 197, 654 P.2d 917 (1982).

" 'A court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue necessitates a determination of the state of mind of one or both of the parties.' *Stanfield v. Osborne Industries, Inc.*, 7 Kan. App. 2d 416, Syl. ¶ 8; *Henrickson v. Drotts*, 219 Kan. 435, 438, 548 P.2d 465 (1976)."

The written contract in question is short and consists of two agreements for the same consideration:

"MUTUAL AND GENERAL RELEASE AND ASSIGNMENT
OF RIGHTS UNDER A LAST WILL AND TESTAMENT

"For the sole consideration of SIXTEEN THOUSAND THREE HUNDRED DOLLARS ($16,300.00), which is held by Paul Hess from October 1, 1981, at the rate of 12% interest until the District Court of Johnson County, Kansas, makes a determination as to whether the 148 acres (approximately) located in Middle Creek Township, Miami County, Kansas, shall be sold under the terms of the Last Will and Testament of Earl L. Hennigh, the undersigned hereby assigns any and all rights under the Last Will and Testament of Earl L. Hennigh pertaining to said real property and more specifically the undersigned's 'second opportunity to purchase' under said Last Will and Testament to Maxine W. Oliver of Paola, Kansas, her heirs, executors, administrators, agents and assigns, and Paul and Anne Hess of Wichita and Overland Park, Kansas, their heirs, executors, administrators, agents and assigns. Said consideration shall be paid to the undersigned within five days after said court determination is made.

"The undersigned also hereby releases for said consideration and forever discharges Maxine W. Oliver, Paul Hess and Anne Hess, their heirs, executors, administrators, agents and assigns, from any and all claims, demands, actions, causes of action or suits of any kind or nature whatsoever particularly relating to said real property or the handling of the Estate of Earl L. Hennigh.

"The undersigned hereby declare that the terms of this settlement, agreement and mutual and general release have been completely read and fully understood and voluntarily accepted for the purpose of assigning any and all rights under the Last Will and Testament of Earl L. Hennigh to Maxine W. Oliver and Paul and Anne Hess and to release said persons from any and all claims.

"In witness whereof _____ have hereunto set _____ hand _____ and seal this 27th day of October, 1981."

Defendants raised the statute of frauds as an affirmative defense to plaintiff's contract action. Defendants assert the first agreement concerns an interest in land and therefore the statute of frauds applies. The defendants also assert the second agreement to forego suit could not be performed within one year and, therefore, falls within the statute. Because there is no written contract signed by the parties to be charged, defendants argue the contract is unenforceable. K.S.A. 33-106. Defendants argument is without merit.

First, defendants admit they signed the contract in question. Paul Hess signed it on October 27, 1981, and Anne Oliver Hess and Maxine Oliver signed it around September 30, 1982. The subsequent destruction of the signed contract and failure of delivery is irrelevant to the question whether the statute of frauds is satisfied. Delivery is not necessary to satisfy the statute of frauds. *Schwartz v. Greenberg*, 199 Misc. 117, 102 N.Y.S. 2d 367 (1951), 2 Corbin on Contracts § 510 (1950).

Second, the statute of frauds was enacted to prevent fraud and the courts refuse to allow it to be used as a shield to protect fraud or to enable one to take advantage of his own wrong. *Hazen v. Garey*, 168 Kan. 349, 359, 212 P.2d 288 (1949); *Rose v. Hayden*, 35 Kan. 106, 10 Pac. 554 (1886). Here, defendants wanted to purchase the real estate but plaintiff held a prior option to purchase, granted to him under the Hennigh will. On October 27, 1981, defendant Paul Hess and plaintiff signed a contract whereby plaintiff assigned to defendants any and all rights he had under the will. Anne Oliver Hess and Maxine Oliver signed the contract in 1982. Defendants, then, unilaterally destroyed the signed contract and now argue the copy of the written contract plaintiff has produced is unenforceable because it is not

signed by them. To sustain such an argument would be to reward defendants for their wrongdoing.

Having determined the statute of frauds is satisfied, we next turn to defendants' argument the contract fails for lack of consideration. When granting plaintiff's summary judgment motion, the trial court ruled plaintiff's agreement to forbear suit provided sufficient consideration for the entire contract. While it is true, as defendants argue, plaintiff's petition asserted only the agreement concerning his rights under the will as a cause of action, defendants failed to object to the introduction of the issue of the agreement to forego suit in plaintiff's motion for summary judgment. When issues not raised by the pleadings are tried by the implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. K.S.A. 60-215(b). Defendants impliedly consented to the introduction of the issue not raised by the pleading when they failed to object to the admission of the evidence regarding plaintiff's agreement not to sue defendants. *Forster v. Fink*, 195 Kan. 488, 493, 407 P.2d 523 (1965)..

Therefore, the trial court could properly look to plaintiff's agreement not to sue defendants in determining whether to grant plaintiff's motion for summary judgment. In *Schiffelbein v. Sisters of Charity of Leavenworth*, 190 Kan. 278, 280, 374 P.2d 42 (1962), it was stated:

" 'Forbearance to sue can be good consideration for a promise, regardless of the actual validity of the claim, if the one who forbears has a reasonable and sincere belief in its validity.

" 'The view is taken that a reasonable and sincere belief in the validity of the claim is necessary and sufficient. It is sometimes stated that if an intending litigant bona fide forbears a right to litigate, he gives up something of value. The reality of the claim which is given up must be measured, not by the state of the law as it is ultimately discovered to be, but by the state of the knowledge of the person who at the time has to judge and make the concession.' (12 Am. Jur. p. 581, sec. 87.)"

The contract does not fail for lack of consideration as defendants argue. Their argument is based on *In re Estate of Maguire*, 204 Kan. 686, 466 P.2d 358 (1970). There, the testator devised an option to purchase certain real estate to Nellie Maguire Idol and Lillian Maguire McNutt. If Nellie and Lillian didn't exercise their option, then, under the will, the land went to Darlene Maguire Scarbrough. Nellie had died and the question before

the court was whether the provision in the will regarding the option to purchase violated the rule against perpetuities. The answer turned on whether a testamentary option, *i.e.*, an option granted or created by will, is personal or survives the death of the optionee. The court ruled the rule against perpetuities was not violated, finding the testamentary option was personal to the optionee and did not survive her death.

Having determined that the trial court did not err in finding the contract was supported by consideration, further pursuit of the defendants' argument on the assignment feature of the contract is immaterial.

The trial court found that all parties "received a copy of the contract and signed the same and assumed, at that time, the benefits and the burdens thereof." See 17 Am. Jur. 2d, Contracts § 74.

Having determined the trial court properly granted plaintiff's motion for summary judgment, consideration of the defendants' motion for summary judgment is moot.

The defendants' final issue on appeal concerns the sanctions of $300 each, imposed against them at various times during pretrial discovery for violation of the court's discovery orders.

The defendants properly perfected an appeal from the orders imposing sanctions after final judgment was entered.

The plaintiff contends the monetary sanctions imposed pursuant to K.S.A. 60-237 are interlocutory in nature and appealable only as interlocutory orders under K.S.A. 60-2102(b), citing *Skahan v. Powell*, 8 Kan. App. 2d 204, 653 P.2d 1192 (1982). It is argued since the defendants did not appeal in accordance with 60-2102(b) the appellate court has no jurisdiction to consider the orders imposing sanctions on appeal. For the reasons hereafter stated, the plaintiff's contention is erroneous.

Under K.S.A. 60-2102(a)(4), jurisdiction of an appellate court may be invoked by appealing as a matter of right from a final decision in any action, except that an appeal to the Court of Appeals may not be taken where a direct appeal to the Supreme Court is required by law. In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable. K.S.A. 60-2103(i).

Interlocutory appeals are embraced under "other appeals" in K.S.A. 60-2102(b). It reads:

"When a district judge or associate district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law* as to which there is substantial ground for difference of opinion *and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,* said judge shall so state in writing in such order." (Emphasis added.)

The controlling question of law as to which there is substantial ground for difference of opinion contemplates that it must be material to the substantive issues that resolve the litigation.

The sanctions imposed in this case, while described as interlocutory in nature, are not appealable as interlocutory orders because they are immaterial to the ultimate resolution of the litigation. It is true, some orders imposing sanctions against a party are appealable because they are final orders, such as the entering of a judgment by default or the dismissal of a case. This is illustrated in the recent case of *Wenger v. Wenger,* 239 Kan. 56, 716 P.2d 550 (1986).

K.S.A. 60-2102(a)(4) is virtually identical to the federal statute 28 U.S.C. § 1291 (1982) in that it permits appeals from a "final decision." The federal statutes should be read in connection with K.S.A. 60-2101(a) and (b), and K.S.A. 60-2103(i).

Appellate review of discovery orders in the federal courts sheds some light on the subject matter at hand since our Kansas Code of Civil Procedure is modeled after the Federal Code of Civil Procedure. An extensive article on the subject appears in the Southern Illinois University Law Journal. Comment, *Appellate Review of Discovery Orders in the Federal Courts,* 1980 S. Ill. U.L.J. 339.

The final judgment rule asserted by the federal courts has given rise to some policy conflicts which are not present on the facts before us. Here, the sanctions for failure to comply with discovery orders were imposed upon *parties* to the litigation. Where sanctions are imposed upon a *nonparty* for violation of court orders, the federal courts have enunciated the Collateral Order Doctrine which does not concern us on this appeal.

Discovery orders and sanctions in the nature of civil penalties for violation of such orders as to parties are normally deemed interlocutory and thus nonappealable by the parties as interlocutory appeals because these orders can be reviewed and corrected when final judgment is entered by including them in the appeal from the final judgment. There is no need for treating

these interlocutory sanction orders piecemeal and cluttering the appellate courts. *Johnny Pflocks, Inc. v. Firestone Tire and Rubber*, 634 F.2d 1215 (9th Cir. 1980).

In *Coleman v. Sherwood Medical Industries*, 746 F. 2d 445, 446 (8th Cir. 1984), the United States Court of Appeals said:

"For an order to be 'effectively unreviewable on appeal from final judgment' it must implicate rights which could be lost or irreparably harmed if immediate review were denied. See *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376-77, 101 S. Ct. 669, 674-75, 66 L. Ed. 2d 571 (1981). Review of pretrial discovery orders has generally been denied because they can be effectively reviewed after final judgment. See *id.* at 377, 101 S. Ct. at 675. Sherwood [defendant/appellant] will suffer no irreparable harm if it must await final judgment before challenging the order requiring payment of $941.68 in costs and attorneys' fees.

"Denial of immediate review of the order for costs and attorneys' fees is consistent with the rule requiring that all claims of error be presented in a single appeal following final judgment on the merits. The reason for this rule is explained as follows:

" 'It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system.    In addition, the rule is in accordance with the sensible policy of 'avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S. Ct. 540, 541, 84 L. Ed. 783. * * *'

"*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 374, 101 S. Ct. at 673.

"We therefore join the majority of circuits that have held that orders imposing costs and/or attorneys' fees on a party for failing to comply with a discovery order are not immediately appealable under the collateral order exception. *Meche v. Dan-Tex International, Inc.*, 681 F.2d 264 (5th Cir. 1982); *In re Underwriters at Lloyd's*, 666 F.2d 55 (4th Cir. 1981); *Eastern Maico Distributors, Inc. v. Maico-Fabrzeugfabrik*, 658 F.2d 944 (3d Cir. 1981); *Johnny Pflocks v. Firestone Tire & Rubber Co.*, 634 F.3d 1215 (9th Cir. 1980); *Evanson v. Union Oil Co. of California*, 619 F.2d 72 (Em. App.), *cert. denied*, 449 U.S. 832, 101 S. Ct. 102, 66 L. Ed. 2d 38 (1980); *but see State of Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (10th Cir.), *cert. denied*, 439 U.S. 833, 99 S. Ct. 114, 58 L. Ed. 2d 129 (1978). Accordingly, we dismiss this appeal on our own motion for lack of jurisdiction. *See 8th Cir. R. 12(a).*"

Application of the rule concerning a *nonparty* is demonstrated in *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977).

If language used in *Skahan v. Powell*, 8 Kan. App. 2d at 206, is construed contrary to the foregoing, it is disapproved.

We hold the monetary sanctions imposed under K.S.A. 60-237

in the form of civil penalties against the defendants, who are parties in this case, were properly included on appeal from the final decision in this case in accordance with K.S.A. 60-2101; -2102(a)(4); and -2103(i).

A review of the record in this case shows more than an adequate basis for imposing the sanctions here for review. In fact, the trial court was more than lenient. Under its discretionary powers it could have entered a default judgment against these noncomplying parties. *Yunghans v. O'Toole,* 224 Kan. 553, 581 P.2d 393 (1978); and *Wenger v. Wenger,* 239 Kan. at 60.

It has been held to be within the trial court's power of discretion to order a party to pay reasonable expenses including attorney fees incurred by the opposing party for refusal to comply with a discovery order. *Independent Mfg. Co. v. McGraw-Edison Co.,* 6 Kan. App. 2d 982, 637 P.2d 431 (1981).

The defendants in this case have by their actions frustrated the orderly administration of justice by disregarding or showing total indifference to court rules and procedures. The defendants have also intentionally disobeyed the direct orders of the trial court and have thereby prejudiced the plaintiff by their dilatory actions. The sanctions imposed by the trial court were reasonable and within the discretionary power of the court.

The judgment of the trial court is affirmed.