■ Darlene Love, Respondent, v Phil Spector et al., Appellants. [627 NYS2d 87] —In an action to recover royalty payments from the sale of recordings pursuant to an alleged written agreement, the defendants appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 18, 1994, which denied their motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is modified, on the law, by (1) dismissing so much of the first cause of action as seeks to recover damages for royalties earned on covered recordings prior to August 1, 1987, and (2) dismissing the second cause of action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a rock-and-roll singer, sued the defendants in July of 1993, claiming that she is owed royalties for recordings she made for the defendant Phil Spector and his companies pursuant to a contract that she signed with him in the presence of his attorney, Martin Machat, in 1962. The plaintiff no longer has a copy of this contract. The defendants, who insist that no such contract ever existed, moved to dismiss the complaint on various grounds, including the Statute of Frauds, Statute of Limitations, laches, and payment. The court denied the motion.

The instant action is not barred by the Statute of Frauds, since the plaintiff is entitled to the opportunity to prove, if she can, the existence and the contents of the lost writing "by parol and circumstantial evidence" *(Taft v Equitable Life Assur. Socy.,* 173 AD2d 267, 268; *see also, Schwartz v Green-*

*berg,* 199 Misc 117; *Matter of Bernard,* 176 Misc 132, 134; *Goodman v Goodman,* 143 Misc 136).

Moreover, the defendants may not raise laches as a bar to the plaintiff's recovery. They have failed to carry their burden of showing that they have been prejudiced by the plaintiff's admittedly lengthy delay in commencing her action. That is, they have failed to demonstrate "reliance and change of position resulting from delay" (*Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 82; *see also, Macon v Arnlie Realty Co.,* 207 AD2d 268; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853). The only prejudice identified by the defendants is the death in 1988 of Martin Machat, who therefore cannot testify that he did not represent any of the defendants for nearly 10 years after the alleged contract was signed. However, the defendants have ample documentary evidence, some of which they have already presented in support of their motion, of when Machat began to work for them, so that the prejudice claimed is more apparent than real.

The court may not dismiss the complaint before any discovery has taken place on the ground that the plaintiff has already been paid for her performances as a session singer (*see,* CPLR 3211 [a] [5]), based upon hearsay newspaper articles of dubious reliability.

However, even if a contract is found to exist, the plaintiff is entitled to recover only royalties on recordings covered by the agreement which were generated during the six years prior to her commencement of this action in July 1993 (i.e., starting August 1, 1987) (*see, e.g., Airco Alloys Div. v Niagara Mohawk Power Corp., supra,* at 80).

Finally, the plaintiff's second cause of action must be dismissed for failure to articulate a claim cognizable in the courts of the State of New York (*see, e.g., Minichiello v Royal Bus. Funds Corp.,* 18 NY2d 521, 527, *cert denied* 389 US 820; *Rogoff v San Juan Racing Assn.,* 77 AD2d 831, 832, *affd* 54 NY2d 883; *see also, Gee v CBS, Inc.,* 471 F Supp 600, *affd* 612 F2d 572; CPLR 3211 [a] [2], [5], [7]). Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.