No. 88,088

RICHARD SMITH, *Appellee*, v. ZACHARY A. RUSSELL, a minor, and CHUCK RUSSELL, his father and next friend, *Defendants/Appellees*, and EMC INSURANCE COMPANIES, *Insurance Carrier/Appellant*.

(58 P.3d 698)

Opinion filed December 6, 2002.

*James M. McVay*, of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, argued the cause and was on the brief for appellant EMC Insurance Companies.

*Patrick R. Nichols*, of Lawrence, argued the cause and was on the brief for appellee Richard Smith.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd, of Norton, argued the cause and was on the brief for appellees Zachary Russell and Chuck Russell.

The opinion of the court was delivered by

LOCKETT, J.: A workers compensation insurer, which had been notified that a civil action had been filed by its insured against a tortfeasor, appeals the district court's denial of its motion to intervene in the civil action 5 months after the district court approved a settlement agreement between the insured and the tortfeasor. Three issues are raised: (1) Was the insurer's notice of appeal timely filed, and (2) did the district court err in denying (a) the insurer's motion to intervene and (b) the insurer's motion to vacate judgment?

On April 9, 1999, Richard Smith sustained injuries as the result of being struck by a pick-up truck driven by Zachary Russell. At the time of the accident, Smith, 83 years old, was employed and working as a school crossing guard for the City of Norton, Kansas. In addition to his employment with the city, Smith also supervised the weight room at the high school in the evenings and did seasonal yard work for additional income.

Smith filed a workers compensation claim and received benefits from EMC Insurance Companies (EMC), the City of Norton's workers compensation insurance provider, for injuries he sustained in the accident. On December 13, 1999, Smith filed a petition in Norton County District Court against Russell and Russell's father Chuck (the Russells) for the damages he sustained as result of the accident. The petition alleged damages in excess of $75,000. Smith's petition specifically referenced medical expenses of $5,000, loss of nearly half the use of his left arm, economic loss from his inability to work in his former vocations as crossing guard and weight room supervisor, and economic loss from other income-generating activities. EMC and the City of Norton were notified in writing of the filing of the action by Smith against the Russells on December 29, 1999. A copy of the petition accompanied the notice. EMC chose not to intervene.

On August 3, 2000, the parties to the civil action appeared in court for a hearing and requested that the district judge approve their settlement agreement. The following exhibits were admitted into evidence at the hearing: the accident report; the transcript of

the deposition of one of Smith's treating physicians; diagrams illustrating the injury to Smith's left upper extremity and right knee; the medical evaluation performed by the defendants' expert; a projection of wage figures from Smith's employment in the weight room and from lawn mowing jobs; and jury verdict computer research showing a case value of at least $300,000. The medical evaluations admitted into evidence opined that Smith had lost 44 to 45 percent of the use of his left upper extremity, that Smith will have to permanently avoid the use of his left hand for movement above shoulder level and all lifting in that area, and that until his total right knee joint is revised, Smith will be unable to walk without support and for only short distances. Smith's lost wages for supervising the weight room and seasonal yard work were listed as $43,748 ($5,948 for past employment and $37,800 for future employment [weight room-$42 per week; lawn care-$100 per week]).

Smith's wife, Mildred Smith, testified at the hearing that prior to the accident Smith had been in good health. Mildred testified that she expected Smith to live "into his 90s," stating that Smith's father lived to be 96 years old and his mother lived to be 94 years old. Mildred testified that as a result of the accident, Smith is no longer able to drive or make repairs on the car, work on the lawn or garden, remove snow, or make repairs or help around the house. Mildred testified that as a result of the accident, "the strength of [their] companionship is gone," citing to the fact that they used to travel and visit family. Mildred testified the amounts used in calculating Smith's past and future lost income from his employment in the weight room and from lawn care jobs was correct.

The parties had agreed to settle in exchange for the policy limits of $100,000, allocating $75,000 for loss of consortium and $25,000 for wages lost from Smith's employment in the weight room and from self-employment. In Mildred's opinion, this allocation was reasonable. The parties informed the district judge that EMC was given notice of the filing of the petition and had not filed a workers compensation subrogation lien or notice of a lien.

By written journal entry, the Honorable Judge Charles E. Worden approved the settlement on August 3, 2000. Judge Worden found that based upon the family history and Smith's general health

at the time of the injury, Smith's life expectancy was 93 years of age. The journal entry specifically allocated $75,000 to the loss of consortium claim and $25,000 to Smith's lost wages from his employment in the weight room and self-employment. The journal entry also stated:

"9. The payments made herein do not duplicate benefits received in the past or to be received in the future from State Farm Insurance, Mr. Smith's workers compensation case with EMC or the City of Norton, or any other source, past or future. The damages recovered are not duplicative of workers compensation payments and are not subject to the lien provisions of K.S.A. 44-504. Specifically, consortium payments are excluded by statute (K.S.A. 44-504 [b]) and wage replacements from other work is excluded by *Wishon v. Cossman*, 268 Kan. 99 (1999) because they do not duplicate benefits received from workers compensation."

On January 5, 2001, EMC filed a motion to intervene and set aside the August 3, 2000 judgment. EMC alleged:

"II. Motion to Set Aside the Journal Entry.

"The employer believes that the Journal Entry was obtained through misrepresentation and misconduct. See K.S.A. 60-260(b)(3). Neither the plaintiff nor the defendant gave notice to the employer that the hearing was to be held on August 3, 2000, regarding the lien and settlement. A brief hearing was held before the court and the transcript of proceedings is attached hereto. There was no evidence given to the District Court that would support the plaintiff's contention that he had loss of services to his spouse in the amount of $75,000.00. There was no credible evidence to support the claimant's contention that he had $25,000.00 worth of lost income after August of 2000.

"The courts will not permit the right of employers to be defrauded as in this case. *Wishon v. Cossman*, 268 Kan. 99, squarely addresses this issue. In that case the employer contended that plaintiffs will craft settlements to simply avoid the workings of K.S.A. 44-504(b), which mandates a lien. The *Wishon* court stated that K.S.A. 44-504(b) mandates notice, authorizes intervention, and provides for the District Court to supervise settlements so that the lien statute cannot be abused, as it was in this case. *Wishon v. Cossman*, 268 Kan. at 105.

"III. Conclusion.

"The statute and the appellate court decisions allow for an intervention by the employer at this time. The employer was not put on notice of the August 3, 2000, hearing and the Journal Entry wherein the parties crafted a settlement that guts K.S.A. 44-504(b). Further, the District Court did not perform its function in properly supervising the settlement. There was no evidence to support the contentions made at the hearing."

The Honorable Judge William B. Elliot was assigned to hear the motion. Following oral arguments, Judge Elliot denied the motion on March 8, 2001. EMC subsequently filed a timely motion for rehearing and reconsideration on March 16, 2001. On March 21, 2001, Smith filed a motion for K.S.A. 2001 Supp. 60-211(c) sanctions.

By memorandum decision filed April 20, 2001, EMC's motion for rehearing and reconsideration was denied. In his memorandum decision, Judge Elliott noted that he was not rendering a decision on Smith's motion for sanctions and that the issue would later be set for oral argument. EMC filed a notice of appeal on April 26, 2001.

By order dated July 20, 2001, the Court of Appeals dismissed the appeal on the grounds that the district court case was not final for purposes of appeal because sanctions are considered a part of the entire case. Smith subsequently withdrew his motion for sanctions in the district court on October 30, 2001. EMC filed a second notice of appeal on November 9, 2001. This court has jurisdiction by transfer on its own motion pursuant to K.S.A. 20-3018(b).

### Timeliness of Notice of Appeal

An appellate court has the duty to question jurisdiction on its own initiative. If the record shows a lack of jurisdiction for the appeal, the appeal must be dismissed. *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999). Smith contends that EMC's notice of appeal was not timely. Although Smith did not file a formal cross-appeal, we must address the issue because it is jurisdictional.

Smith contends a motion for attorney fees does not affect the finality of judgment, citing *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 246 Kan. 371, 789 P.2d 211 (1990), and *Moriz Implement Co. v. Matthews*, 265 Kan. 179, 189, 959 P.2d 886 (1998), as controlling. Smith asserts there is no difference between attorney fee issues granted under K.S.A. 40-256 (*Snodgrass*), pursuant to contract (*Moritz*), or under K.S.A. 2001 Supp. 60-211 (this case).

The Court of Appeals' original order dismissed the case for lack of finality on the grounds that sanctions are considered a part of the entire case, relying upon *Skahan v. Powell*, 8 Kan. App. 2d 204,

205-206, 653 P.2d 1192 (1982), and *Reed v. Hess*, 239 Kan. 46, Syl. ¶ 3, 716 P.2d 555 (1986). After dismissal of the motion for sanctions, EMC filed a second notice of appeal. The Court of Appeals issued a show cause order pointing out that outstanding motions for attorney fees and costs do not affect finality of judgment, relying upon *Snodgrass*, 246 Kan. 371, Syl. ¶ 1. After reviewing EMC's response to the show cause order, the Court of Appeals retained jurisdiction of the appeal.

In *Reed*, this court was faced with determining the status of pretrial sanctions for discovery violations. The *Reed* court held that monetary sanctions imposed under K.S.A. 60-237 in the form of civil penalties against defendants are interlocutory because they can be reviewed and corrected when final judgment is entered. 239 Kan. 46, Syl. ¶ 3; see *Skahan*, 8 Kan. App. 2d at 206 (order imposing monetary sanctions during pretrial discovery as provided in K.S.A. 60-237 is interlocutory).

In *Snodgrass*, this court was faced with whether a K.S.A. 40-256 motion for attorney fees was part of the merits of the underlying action. The *Snodgrass* court held that it was not, noting that attorney fees are regarded by the legislature as costs awarded to the prevailing party and not as compensation for the plaintiff's injury. 246 Kan. at 374; see *Moritz Implement*, 265 Kan. 189-90 (applied same reasoning as *Snodgrass* to provide that where judgment granting foreclosure did not specifically set forth attorney fees, parties are not later precluded from litigating the matter).

Smith's motion for sanctions requested that attorney fees for the time spent responding to the motion to intervene and to subsequent motions be imposed as a sanction. Thus, our issue involves a K.S.A. 2001 Supp. 60-211 motion for *sanctions*, not a motion for attorney fees as Smith contends.

K.S.A. 2001 Supp. 60-211 sanctions can potentially be assessed at any point during a case and are necessarily tied to the facts of the case. A motion for K.S.A. 2001 Supp. 60-211 sanctions are to be decided prior to the case being final for purposes of appeal. Therefore, EMC's second notice of appeal was timely.

## Denial of Motion to Intervene

EMC contends the district court erred in denying its motion to intervene pursuant to K.S.A. 44-504(a). Smith and the Russells argue that the district court did not err in denying EMC's motion to intervene.

K.S.A. 44-504 provides:

"(a) When the injury or death for which compensation is payable under the workers compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured worker or the worker's dependents or personal representatives shall have the right to take compensation under the workers compensation act and pursue a remedy by proper action in a court of competent jurisdiction against such other person.

"(b) In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, *the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against the entire amount of such recovery, excluding any recovery, or portion thereof, determined by a court to be loss of consortium or loss of services to a spouse. The employer shall receive notice of the action, have a right to intervene and may participate in the action.* The district court shall determine the extent of participation of the intervenor, including the apportionment of costs and fees. . . .

. . . .

"(f) As used in this section, 'compensation and medical aid' includes all payments of medical compensation, disability compensation, death compensation, including payments under K.S.A. 44-570 and amendments thereto, and any other payments made or provided pursuant to the workers compensation act." (Emphasis added.)

Pursuant to K.S.A. 44-504(b), EMC had a statutory right to intervene in this case. The statutory right to intervene, however, is not absolute.

"(a) *Intervention of right.* Upon *timely* application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

. . . .

"(c) *Motion to intervene and practice in intervention.* (1) A person desiring to intervene shall serve a motion to intervene upon the parties as provided in K.S.A. 60-205. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene. . . ." (Emphasis added.) K.S.A. 60-224.

It is well established under Kansas law that K.S.A. 60-224(a) is to be liberally construed to favor intervention. *Roberts v. Krupka,* 246 Kan. 433, 443, 790 P.2d 422 (1990); *McDaniel v. Jones,* 235 Kan. 93, Syl. ¶ 5, 679 P.2d 682 (1984); *Hukle v. City of Kansas City,* 212 Kan. 627, 632, 512 P.2d 457 (1973); *Farmers Group, Inc. v. Lee,* 29 Kan. App. 2d 382, 386, 28 P.3d 413 (2001).

Intervention under K.S.A. 60-224(a) is a matter of judicial discretion. *Mohr v. State Bank of Stanley,* 244 Kan. 555, 561, 770 P.2d 466 (1989); *McDaniel,* 235 Kan. at 107; *Farmers Group,* 29 Kan. App. 2d at 385.

EMC's motion to intervene and set aside judgment cited K.S.A. 44-504(b) as the basis for intervention. EMC's memorandum in support of the motion asserted its motion to intervene was timely and that EMC was seeking to set aside the judgment because the journal entry approving settlement was obtained through misrepresentation and misconduct, citing K.S.A. 60-260(b)(3). Thus, EMC met the requirements of K.S.A. 60-224(c).

Because the right to intervene is statutory in this case and notice was provided, timeliness of the motion is the only other statutory requirement necessary for intervention to be granted. Thus, this court must consider whether the district court erred in denying EMC's motion to intervene on the basis the motion to intervene was not timely filed as required by K.S.A. 60-224(a).

EMC asserts that the motion to intervene was timely and cited to *Roberts,* 246 Kan. 433, for support. In *Roberts,* the workers compensation insurer filed a motion to intervene in a medical malpractice action brought by the employee nearly 38 months after the action was filed. In *Roberts,* most of the defendant healthcare providers were dismissed from the case before or around approximately the same time as the insurer filed its motion to intervene.

The *Roberts* court disagreed with the district court's conclusion that the motion was untimely, noting:

"There was no evidence the delay in filing prejudiced the plaintiff in any way. The situation herein is not one where late intervention would result in additional discovery or delay of trial. The intervenors' only interest was in any recovery made and did not concern the issues between plaintiff and defendants. Had the intervenors come in at the beginning of the litigation, their role would have been one of passive attendance at discovery proceedings, hearings, etc. Their counsel would have just been one more individual to notice up as to proceedings. There is no indication in the record plaintiff or his counsel was unaware of the intervenors' claims or that the delay in formal intervention affected, in any way, the handling of plaintiff's case. In fact, the evidence in this regard is to the contrary. Practically speaking, the intervenors had no reason to seek formal intervention until such time as recovery by plaintiff was approaching realization. They filed their motion on August 19, 1988. The trial was scheduled to commence September 20, 1988.

"Under the circumstances herein, we conclude the district court's determination that the motion to intervene was not timely filed was arbitrary." 246 Kan. at 443-44.

*Roberts* is distinguishable. EMC moved to intervene on January 5, 2001. Here, final judgment had been entered prior to EMC filing its motion to intervene. In order for EMC to bring a K.S.A. 60-260(b) motion for relief from judgment, EMC has to be a party to the action. EMC was not a party. Thus, EMC's only chance at setting aside the judgment was for it to file a motion to intervene in a case in which a journal entry approving the settlement had been signed 5 months earlier.

EMC cites no case to this court in which intervention was allowed post-judgment. Smith, however, provides the court with a Kansas case in which intervention was allowed following entry of judgment. Smith asserts that post-judgment relief is permitted only in extraordinary circumstances.

In *Moyer v. Board of County Commissioners*, 197 Kan. 23, 415 P.2d 261 (1966), the Board of County Commissioners had defended its decision to deny rezoning of residential property to the district court and lost. The Board then announced that it would not file a motion for new trial or appeal the matter. Adjoining landowners had not intervened in the action, but their attorneys were allowed to sit at the counsel table and assist the Board's at-

torney. After being notified that the Board was not challenging the district court's decision and *within 10 days of the judgment*, the adjoining landowners filed a motion in the district court to intervene and a motion for new trial. The *Moyer* court noted that it was clear that all parties knew the interest the adjoining landowners were claiming in the case and that their interest was similar to and being represented by the Board. The *Moyer* court held that the requirement of timeliness under K.S.A. 60-224(a) has no application when the right of intervention is claimed under K.S.A. 60-224(a)(2) until such time as adequate representation ceases. 197 Kan. at 27.

Unlike in *Moyer*, EMC did not file its motion to intervene during the 10-day period in which the district court had jurisdiction to grant a new trial or alter or amend judgment. See K.S.A. 60-259. The settlement in this case was approved by order of the district court on August 3, 2000. EMC did not file its motion to intervene or set aside judgment until January 5, 2001. The order approving settlement stated that the district court specifically retained jurisdiction to resolve any disputes pertaining to the status of benefits received from State Farm as duplicative. Although not relevant to our issue, State Farm subsequently waived its personal injury protection lien on November 1, 2000. A party has 30 days in which to appeal a final decision of a district court. K.S.A. 60-2102; K.S.A. 2001 Supp. 60-2103. The time for EMC to appeal expired September 4, 2000. EMC's motion to intervene was also filed well after the time for appealing the judgment had expired.

In *Frey, Inc. v. City of Wichita*, 11 Kan. App. 2d 116, 715 P.2d 417 (1986), the Court of Appeals found that the district court did not have jurisdiction to entertain a motion to intervene filed more than 30 days after the time for appeal had expired. In that case, a notice of appeal was filed by an unincorporated homeowners association. The association was attempting to appeal from a trial court's decision granting a landowner's request for a change in zoning classification. The trial court's decision had been entered on August 31, 1984. The notice of appeal was timely filed, having been filed on the 30th day (October 1, 1984) of the 30-day period in which to perfect the appeal. The association subsequently filed

a motion to intervene pursuant to K.S.A. 60-224(a)(2) on October 31, 1984.

The *Frey* court found the notice of appeal invalid for two reasons: (1) when the notice of appeal was filed, the association was not a party to the action; and (2) an unincorporated association cannot be a party to a lawsuit. Because the notice of appeal was found invalid and the time for perfecting an appeal had passed, the court further reasoned that the trial court did not have a case pending before it when the subsequent motion to intervene was filed; therefore, the trial court did not have jurisdiction to entertain the motion to intervene. The *Frye* court then held that it did not have jurisdiction and dismissed the appeal. 11 Kan. App. 2d at 120-21.

Judge Elliott stated specific reasons why EMC was not entitled to intervene. He noted that Smith provided notice to EMC that he had filed a civil action against the Russells, as required by K.S.A. 44-504(b). K.S.A. 44-504(b) does not require that EMC be notified of subsequent proceedings in the case.

Judge Elliott determined that Smith's petition put EMC on notice that Smith was seeking damages for economic loss from his inability to work in the weight room and at other nonduplicative income generating activities. EMC argues the petition did not indicate that nonduplicative damages were being sought. There is no requirement, however, that a potential subrogation lienholder be informed of the nature of the damages sought in the civil action. The insurer may intervene in the action to protect its interest. See *Wishon v. Cossman*, 268 Kan. 99, 105, 991 P.2d 415 (1999) (if employer is apprehensive about strength of its lien, it may intervene to protect it).

The district court's decision also referenced the failure of EMC to file a subrogation lien. See *Wishon*, 268 Kan. at 101 (notice of lien filed). EMC correctly points out that there is no statutory requirement that it file a notice of lien to be subrogated to recovery from a third party and that such subrogation and creation of a lien occurs automatically under K.S.A. 44-504(b). However, the district court did not state that EMC had to file a notice of lien. Instead, it used the failure of EMC to file a notice of such lien as evidence that EMC had failed to attempt to protect its interest in the case.

Judge Elliott also cited to EMC's correspondence with Smith prior to and subsequent to Smith's filing this action as indicating that, in addition to complying with statutory provisions, Smith had followed EMC's instructions. In reaching this conclusion, the district court quoted the following from a June 18, 1999, letter from EMC's counsel to Smith's counsel.

" 'Mr. Smith's true complaint is that he supposedly is incapable of doing his lawn mowing business. This is not our problem. If he is upset he is not getting paid for those lost wages, **he needs to file third party action against the negligent driver.**' (Emphasis added.)"

From another letter from EMC's counsel to Smith's counsel on July 18, 1999, the court quoted:

" '[B]e advised that I am the person that you need to contact regarding EMC's subrogation interest. I will be handling the claim and all correspondence should be sent to my office until further notice.' "

The trial court also quoted from a December 22, 1999, letter in which EMC's counsel inquired as follows from Smith's counsel:

" 'As an aside, has there been a third party claim filed? If so, what is the venue and docket number of the case? Obviously I will need to file our lien.' "

Based on this evidence, the district court concluded that there was no misconduct or misrepresentation. The court found that EMC had made a "deliberate, calculated and informed decision not to intervene." Additionally, the court noted that EMC had failed to demonstrate that Smith would not be substantially prejudiced by the intervention.

EMC's motion to intervene was filed outside the 10-day period for filing a motion for new trial or to alter or amend judgment and months after the time had expired for perfecting an appeal. Following the reasoning in *Frey*, once the district court found that there was no misconduct or misrepresentation, the district court did not have jurisdiction. Thus, this court does not have jurisdiction to consider the appeal.

Appeal dismissed.

Nuss, J., not participating.

Brazil, S.J., assigned.