NOT DESIGNATED FOR PUBLICATION

No. 122,302

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BUD PALMER and JOAN TIMMERMEYER,
*Appellees*,

v.

JERAN TROTTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 26, 2021. Affirmed.

*James T. McIntyre*, of Law Offices of James T. McIntyre, of Wichita, for appellant.

*Michael A. Priddle*, of Law Office of Michael A. Priddle, LLC, of Wichita, for appellees.


Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Jeran Trotter bought multiple items from an auction totaling $4,154. After Trotter failed to pay the sum, Bud Palmer and Joan Timmermeyer sought judgment against Trotter for breach of contract. In seeking judgment, Palmer and Timmermeyer requested discovery from Trotter, who did not produce the information requested. Following a motion to compel, the district court ordered Trotter to produce the discovery. When Trotter failed to comply with this order and failed to appear at the contempt hearing, the district court imposed a discovery sanction against Trotter. Summary judgment was granted to the plaintiffs based on the sanction ordered. Trotter appeals the

1

sanction ordered by the district court but does not appeal the granting of summary judgment. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2018, Trotter was the winning bidder on various items listed at an auction. Trotter took possession of the items, totaling $4,154.88, but failed to pay the balance owed. Thereafter, Palmer and Timmermeyer sought judgment for the amounts owed. On November 29, 2018, the district court entered judgment against Trotter and awarded $4,069.50 to Palmer and Timmermeyer. About one month later, the judgment remained unsatisfied, and the district court filed an order of general execution and delivery on January 18, 2019. The order "commanded [the appointed agents] to seize any non-exempt property . . . belonging to [Trotter] . . . to be sold in satisfaction of the judgment according to law, . . . all in accordance with Article 24 of the Kansas Code of Civil Procedure."

On January 30, 2019, Trotter moved to set aside the judgment "on the basis of lack of personal service on [Trotter]." The district court granted this motion and found the parties agreed the case would remain under Chapter 60. After the judgment was set aside, Palmer and Timmermeyer filed another petition alleging breach of contract after Trotter failed "to pay money due for the purchase of auction items . . . totaling $4,154.88 with tax." This appears to be the original allegation as well, but the original petition cannot be found in the record. In response, Trotter alleged "the funds sought in this action were in truth and in fact paid," and he maintained "he paid in cash all sums owed on the day of the sale." Trotter also alleged the affirmative defenses of accord and satisfaction, subject matter jurisdiction, estoppel, and failure to add an essential party.

Palmer and Timmermeyer filed a request for production of documents and interrogatories, which was served on April 10, 2019. Over a month later, they moved to

compel Trotter to produce the discovery requested. On June 5, 2019, the district court granted the motion and found the responses to interrogatories were "produced in court." The district court awarded Palmer and Timmermeyer $300 in attorney fees.

On July 5, 2019, Palmer and Timmermeyer moved the district court to find Trotter in contempt of court for failing to produce the documents previously requested. They requested the district court sanction Trotter under K.S.A. 60-237 and award attorney fees. The motion alleged Trotter had not produced the documents requested three months prior and that he did not pay the $300 attorney fees ordered at the previous hearing.

The district court held a hearing on the motion, and Trotter did not appear. The court found there was "no compliance with the orders set forth in the Minutes Order of [June 5, 2019]" and sanctioned him under K.S.A. 60-237(b)(2), holding: "As a sanction, Court finds that [Trotter's] failure to pay, as alleged in [paragraphs 7 and 8] of [Palmer and Timmermeyer's] petition, is an established material fact for purposes of the lawsuit." These paragraphs alleged "Trotter failed to pay the balance owed" and "[a] final demand for payment was made to Trotter on January 14, 2019." The district court also imposed an additional $300 attorney fee sanction against Trotter.

One week later, Palmer and Timmermeyer moved for summary judgment against Trotter for breach of contract. They alleged summary judgment was appropriate "because the admitted allegations set out in [their] Petition, [Trotter's] admissions, the established facts by the Court, and the uncontroverted facts above show that there is no genuine issue as to any material fact." Trotter responded and moved to modify sanctions. In his motion, Trotter alleged that he

"did not fail to appear at the Motion to Compel but counsel for [Trotter] through his assistant . . . contacted counsel for plaintiff and court and advised both that an evidentiary hearing in the case . . . would not be finished as scheduled and the sanction hearing

3

needed to be continued. In addition, the motion for sanctions contained only requests for monetary sanctions and not for those in the nature of default and this court lacked jurisdiction. . . .

"The failure to pay is still a thoroughly disputed issue of fact."

Palmer and Timmermeyer responded to Trotter's motion and argued Trotter failed to controvert their motion for summary judgment. The parties waived oral argument on the motion. October 30, 2019, the district court granted Palmer and Timmermeyer's motion for summary judgment. Applying the standards for summary judgment, the district court held "it is not necessary to spend too much time on whether the July 24, 2019 discovery sanction should be modified or set aside because the Plaintiffs' summary judgment motion is supported by the sworn affidavit of Joan Timmermeyer." The court detailed Timmermeyer's assertions and held:

"As such, even if there had been no discovery sanction imposed on Trotter, in order to successfully avoid summary judgment Trotter must come forward with evidence to establish that there is a genuine dispute as to the facts averred in the Timmermeyer affidavit. Trotter has not done this.

"Because Trotter has not properly controverted the material facts supporting Plaintiffs' motion for summary judgment, those facts are deemed uncontroverted. And those uncontroverted facts demonstrate that Plaintiffs[] are entitled to judgment as a matter of law."

Upon granting the motion for summary judgment, the district court entered judgment against Trotter in the amount of $4,154.88 "plus interest at 10% per annum thereafter . . . plus $375.40 for incurred court costs, plus $600 in attorney fees awarded as sanctions, and all costs, interest and fees incurred until paid in full."

Trotter timely filed this appeal.

ANALYSIS

On appeal, Trotter argues the district court's sanction was "too severe for the type of discovery failure." Although not clear, it appears Trotter is claiming the discovery sanction was too severe because "[e]verything in support of [his] claim [was] produced," and he contends:

> "A lesser sanction, say excluding [Trotter] from presenting any evidence other than what is included in his discovery, might be appropriate, and a court not influenced by the personalities of the parties would have entered such an order. The order of the District Court is unreasonable and a breach of the court['s] discretion. It should be reversed for trial and a lesser sanction imposed."

Palmer and Timmermeyer argue Trotter "willfully and deliberately disregarded" most of the district court's orders, including: the June 5, 2019 order compelling Trotter to produce responses, multiple subsequent requests by Palmer and Timmermeyer to produce responses, Palmer and Timmermeyer's motion for contempt, and the order to appear at the hearing on July 24, 2019. Palmer and Timmermeyer contend that "in light of [Trotter's] conduct and refusal to comply with the district court's orders," it was within the district court's discretion "to impose a lesser, minimum discovery sanction." They also argue the unclean hands doctrine prevents Trotter from seeking equitable relief because he "willfully and deliberately refus[ed] to produce discovery responses."

*Trotter's failures to designate a sufficient record and to appeal the award of summary judgment are potentially fatal to his appeal.*

To start, it is unclear which discovery sanction under K.S.A. 2020 Supp. 60-237(b)(2) the district court imposed. In their brief on appeal, Palmer and Timmermeyer contend the district court ordered the sanction under K.S.A. 2020 Supp. 60-237(b)(2)(i). The language of K.S.A. 2020 Supp. 60-237(b)(2)(i) corresponds with the language of the district court's order imposing the sanction. Under K.S.A. 2020 Supp. 60-237(b)(2)(i),

failing to comply with a court order permits a district court to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."

In imposing a sanction against Trotter, the district court found: "[Trotter's] failure to pay, as alleged in [paragraphs seven and eight of Palmer and Timmermeyer's] petition, is an established material fact for purposes of the lawsuit." Thus, the language used by the district court in imposing the sanction supports Timmermeyer and Palmer's assertion that the sanction was imposed under K.S.A. 2020 Supp. 60-237(b)(2)(i).

In the October 30, 2019 order granting summary judgment, however, the district court stated it had imposed the sanction under K.S.A. 60-237(b)(2)(ii)—stating: "Trotter has refused to provide answers to written discovery submitted by [Timmermeyer and Palmer] resulting in a sanction, imposed pursuant to K.S.A. 60-237(b)(2)(ii), prohibiting Trotter from opposing the claim made in paragraph 7 of [Palmer and Timmermeyer's] Petition that Trotter failed to pay the balance owed to [them]."

Interestingly, Trotter does not include in his statement of facts as to which sanction the district court imposed or otherwise make any argument in his brief on this issue. The entirety of Trotter's appeal focuses on the sanction imposed being "too severe." It is also relevant to note that Trotter did not include the transcript from the July 24, 2019 hearing where the sanction was imposed. Trotter "notified the [c]ourt that no transcript has been or will be requested in this appeal."

As the party making a claim, Trotter has the burden to designate a record sufficient to present his points to the appellate court and to establish his claims. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see also *Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co.*, 51 Kan. App. 2d 459, 488, 350 P.3d 1091 (2015) (failure to include response to motion for partial summary

6

judgment precluded review of whether it established genuine issue of material fact). There is conflicting information as to whether the sanction the district court relied on was subsection (i) or (ii) under K.S.A. 2020 Supp. 60-237(b)(2), and Trotter fails to state which sanction was imposed. Trotter's failure to designate a record provides no context for this court to review the facts and reasoning the district court relied on in issuing the sanctions which Trotter might point to in support of his claim that the sanction was "too severe."

In addition, Trotter's appeal only challenges whether the district court's sanction was an abuse of discretion. He does not challenge the district court's decision to grant summary judgment. A sanction order is generally appealable by including that issue as part of an appeal of a final judgment.

> "Discovery orders and sanctions in nature of civil penalties for violation of such orders as to parties are normally deemed interlocutory and thus nonappealable by parties as interlocutory appeals because these orders can be reviewed and corrected when final judgment is entered by including them in appeal for final judgment. There is no need for treating these interlocutory sanction orders piecemeal and cluttering appellate courts." *Reed v. Hess*, 239 Kan. 46, 53-54, 716 P.2d 555 (1986).

Since Trotter did not appeal the final order of the summary judgment, it is questionable that he can appeal the granting of the sanction. In all events, it is not necessary to resolve this issue or the issue of Trotter's failure to designate a sufficient record. Based on a review of the record that is before this court, the district court's action under either subsection shows the district court did not abuse its discretion in imposing a discovery sanction.

7

*The district court did not abuse its discretion in ordering a discovery sanction.*

Generally, appellate courts review a district court's imposition of discovery sanctions for an abuse of discretion. *Deutsche Bank Nat'l Trust Co. v. Sumner*, 44 Kan. App. 2d 851, 861-62, 245 P.3d 1057 (2010). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

Our Supreme Court has held discovery rules in Kansas should be interpreted broadly to accomplish their intended objectives of eliminating surprise from trial and simplifying issues and procedures. *Burkhart v. Philsco Products Co.*, 241 Kan. 562, 570, 738 P.2d 433 (1987); see also *Hawkins v. Dennis*, 258 Kan. 329, 341, 905 P.2d 678 (1995) ("The essence of discovery is a search for the truth. It is not a game but an enlightened procedure to encourage the resolution of cases based on merit and not on surprise and ambush."); *Ryan v. Kansas Power & Light Co.*, 249 Kan. 1, 11-12, 815 P.2d 528 (1991) ("The purpose of discovery is to eliminate the element of surprise from trials, to simplify issues and procedures by full disclosure to all parties of anticipated evidence and factual and legal issues, and to consider such matters as may aid in the disposition of an action.").

The district court imposed a sanction under K.S.A. 2020 Supp. 60-237(b)(2), which reads in relevant part:

> "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>> "(i) Directing that the matters embraced in order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>> "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

8

It appears Trotter does not dispute the district court made specific orders for him to comply with discovery. On June 5, 2019, the district court granted Palmer and Timmermeyer's motion to compel and ordered Trotter to produce the requested documents and for him to pay $300 in attorney fees. Over one month later, on July 24, 2019, Trotter failed to appear as ordered at the hearing to address the production of documents. Upon failing to appear and failing to provide the ordered discovery, the district court found Trotter had failed to follow the orders set out in the June 5, 2019 order and had failed to pay the attorney fee sum.

Trotter never concedes he failed to comply with the discovery orders, but he never disputes these facts either. He also does not claim the district court made an error of fact or an error of law. Trotter's claim seems to be based that the district court's sanction was unreasonable. Trotter's argument for why it is unreasonable, however, is unclear. Trotter seems to argue that the sanction was unreasonable because "[d]espite repeated request[s] for discovery," Trotter had included the necessary information in his "answer [to the petition] and ALL supporting documents."

A district court has broad discretion to choose among the statutorily provided discovery sanction options, "the most appropriate sanction suitable to the history and circumstances of the case before [the court]." *Vickers v. Kansas City*, 216 Kan. 84, 91, 531 P.2d 113 (1975). A sanction should be "designed to accomplish the objects of discovery rather than for the purpose of punishment." *Canaan v. Bartee*, 272 Kan. 720, 728, 35 P.3d 841 (2002). Moreover, the purpose of the sanction should be "to prevent the noncomplying party from profiting from its violation of the court's order and to protect the party which had requested discovery." *Dennis*, 258 Kan. at 341.

Palmer and Timmermeyer sent Trotter requests for production and interrogatories and made informal efforts to seek compliance. When those efforts failed, they sought

9

court intervention more than once, which also did not achieve compliance. Trotter was given opportunities and more than sufficient time to comply with discovery, and he was directly ordered by the district court as to what he needed to do. Trotter provided no explanation why he failed to comply with the court's order. The district court could have entered a sanction of default judgment but chose to enter a lesser sanction.

Trotter fails to show how the district court's sanction was arbitrary, fanciful, or unreasonable. Despite Trotter's assertion that he included enough information in his documents, the sanction was appropriate given his refusal to comply with discovery requests. Given the purpose of a discovery sanction should be "to prevent the noncomplying party from profiting from its violation of the court's order and to protect the party which had requested discovery," it cannot be said that no reasonable person would agree with the district court's action. See *Hawkins*, 258 Kan. at 341. Regardless of which subsection under K.S.A. 2020 Supp. 60-237(b)(2) is considered, it was not an abuse of discretion because under either provision reasonable people could agree such sanction prevents Trotter from profiting from his refusal to respond to discovery requests. Either sanction permits designated facts to be taken as established, presumably for situations such at this when a party disputes facts but will not submit discovery. Without such sanction, parties such as Palmer and Timmermeyer would be stuck waiting for discovery that they may never receive. The district court did not abuse its discretion when it imposed a discovery sanction against Trotter.

Affirmed.