(653 P.2d 1192)
No. 53,669

DANIEL P. SKAHAN, *Appellant,* v. M. C. POWELL, *et al., Appellees.*

Opinion filed November 24, 1982.

*Rita M. Abernethy,* of Overland Park, for the appellant.

*Marvin E. Rainey* of Rainey & Wiglesworth, of Overland Park, for the appellees.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: On motion of defendants, the district court entered an order disqualifying one Paul L. Skahan, licensed to practice law in the State of Missouri and associated with local counsel, from appearing as counsel for plaintiff in this action as may be permitted by K.S.A. 1981 Supp. 7-104 and Supreme Court Rule 116 (228 Kan. lxx).

Prior to the disqualification, defendants served notice on Paul L. Skahan and Rita M. Abernethy, local counsel, of their intention to depose one Mike Buser. On the date of the deposition only Skahan appeared. Defense counsel refused to proceed with the deposition if Skahan insisted on being present without local counsel. Skahan stated he intended to remain because local counsel was not required, but offered to reschedule the deposi-

tion. Defense counsel refused to proceed at that time and subsequently moved for the imposition of sanctions. This motion was sustained by the court and plaintiff was ordered to pay the fees for the court reporter's appearance for the deposition, witness fees, and the sum of $150 as defendant's attorney's fee.

Plaintiff appealed from both orders. The appeal was initially dismissed by this court for lack of jurisdiction, but was subsequently reinstated with directions to the parties to include the issue of jurisdiction in their briefs on the merits.

It has repeatedly been held that the right to appeal is neither a vested nor a constitutional right, but is strictly statutory in nature. *State v. Fisher,* 2 Kan. App. 2d 353, Syl. ¶ 1, 579 P.2d 167, *rev. denied* 225 Kan. 846 (1978). K.S.A. 1981 Supp. 60-2101(*a*) provides in part:

"[A]ppeals from the district court to the court of appeals in civil actions shall be subject to the provisions of K.S.A. 60-2102, and any amendments thereto."

## K.S.A. 60-2102(*a*) provides in part:

"[T]he appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

Plaintiff contends the orders granting the motions to disqualify counsel and to impose discovery sanctions are appealable because this court has discretion to hear the appeal under 60-2101 and/or the orders are "final decisions" under 60-2102(*a*)(4). Clearly, the first of those contentions is not correct. K.S.A. 1981 Supp. 60-2101 is expressly made subject to and is limited by 60-2102. Jurisdiction of this court may be invoked either as a matter of right or through a properly certified interlocutory order. The appellate courts do not have discretionary power to entertain appeals from all orders of the district courts. See *Meddles v. Western Power Div. of Central Tel. & Utilities Corp.,* 219 Kan. 331, 333, 548 P.2d 476 (1976); *Henderson v. Hassur,* 1 Kan. App. 2d 103, 105-06, 562 P.2d 108 (1977).

The term "final decision" has been construed to mean " 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for

the future or further action of the court.' " *Gulf Ins. Co. v. Bovee,* 217 Kan. 586, 587, 538 P.2d 724 (1975). Whatever issues may exist in the cause now before us have not been finally determined in the trial court, and we believe it obvious that the order imposing discovery sanctions, being one on which the trial court may take further action, was not a "final decision" as contemplated by the statute. In any event, there is no reason why that order may not be reviewed and corrected, if need be, on appeal after the entire merits of the controversy have been resolved. We hold that an order imposing monetary sanctions during pretrial discovery procedures as provided by K.S.A. 60-237 is interlocutory in nature and may be appealed only when properly certified and the appeal accepted as provided by 60-2102(*b*). Accordingly, the appeal from that order must be dismissed for want of jurisdiction.

The question of whether an appeal will lie from an order disqualifying plaintiff's out-of-state attorney in this cause is of greater concern.

We have found no Kansas authority directly on point; however, it is to be noted that subsection (*a*)(4) of K.S.A. 60-2102 is virtually identical to the federal statute (28 U.S.C. 1291 [1976]) in that it allows appeals to the court of appeals from a "final decision." In holding that an order disqualifying an attorney from representing a litigant is appealable, the federal courts have relied on the "collateral order" doctrine originally announced in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 93 L.Ed. 1528, 69 S.Ct. 1221 (1949). To qualify for this exception to the federal act, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. See also *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 66 L.Ed.2d 571, 101 S.Ct. 669 (1981); *In re Coordinated Pretrial Proceedings, Etc.,* 658 F.2d 1355 (9th Cir. 1981), *cert. denied* 455 U.S. 990 (1982); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020 (5th Cir.), *cert. denied* 454 U.S. 895 (1981).

The order of disqualification in this case conclusively determines the question of whether plaintiff is to have counsel of his choice or be forced to retain another. It resolves an important issue completely separate and apart from the merits of the action, and does not advance a determination on the merits. Finally, the

order of disqualification will be effectively unreviewable if an appeal is delayed until final judgment is entered. If plaintiff is denied counsel of his choice at this stage, a situation is created which cannot be completely rectified. If plaintiff should lose on the merits, he would have an almost insurmountable burden to show his loss was due to the change of counsel. If he should prevail on the merits, the disqualified attorney has no remedy for his loss of reputation and fees.

In the K.B.A. Appellate Practice Manual, Section IV, page 14 (1978), we find:

"Certain orders which do not dispose of any claim for relief and which appear to be purely interlocutory in character nevertheless have been deemed final decisions under the federal counterpart of K.S.A. 60-2102(a)(4). The most important category of such orders are called 'collateral orders.' [Citation omitted.] If the order disposes of an important claim of right, separable from and unrelated to the merits of the main action, which will be lost, as a practical matter unless immediate review is permitted, that 'collateral order' may be sufficiently 'final' to permit appeal."

Defendants nevertheless contend the collateral order doctrine is not applicable under Kansas law because such orders may be effectively reviewed as mandamus actions pursuant to K.S.A. 60-801 *et seq.* In *Nunn v. Morrison,* 227 Kan. 730, Syl. ¶ 1, 608 P.2d 1359 (1980), it was stated:

"Mandamus will be invoked only when an order of the trial court denies a litigant a right or privilege which exists as a matter of law and there is no remedy by appeal."

In addition, our court has consistently held:

" '[M]andamus cannot be used to control discretion, correct errors, or revise judicial action. *Mandamus cannot be used as a substitute for appeal* and it will not lie even though the party has no right of appeal or other remedy to review the action of a court, as the want of such remedy does not of itself entitle the party aggrieved to the extraordinary remedy of mandamus.' " *Martin Marietta Aggregates v. Board of Leavenworth County Comm'rs,* 5 Kan. App. 2d 774, 779, 625 P.2d 516, *rev. denied* 229 Kan. 670 (1981).

See also *Stephens v. Van Arsdale,* 227 Kan. 676, 608 P.2d 972 (1980); *Hulme v. Woleslagel,* 208 Kan. 385, 493 P.2d 541 (1972); *Gray v. Jenkins,* 183 Kan. 251, 326 P.2d 319 (1958). Under the circumstances here presented, disqualification of an out-of-state attorney is a matter to be resolved within the sound discretion of the trial judge, and mandamus is not an appropriate remedy. If this court withholds review at this time, the order of disqualifi-

cation will be effectively unreviewable on appeal from the final judgment and rights involved will be irreparably lost. We conclude therefore that the order disqualifying plaintiff's out-of-state attorney is one which disposes of an important right, separable from and unrelated to the merits of the main action, which as a practical matter will be lost unless immediate review is permitted. As such, it is a final decision from which an appeal to this court may be perfected under the provisions of 60-2102(a)(4).

Having so decided, the question then presented is whether the trial court abused its discretion in entering the order of disqualification.

The admission of an out-of-state attorney to appear *pro hac vice* is a privilege authorized and regulated by K.S.A. 1981 Supp. 7-104 and Supreme Court Rule 116 (228 Kan. lxx). The latter provides:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts or before any board, department, commission or other administrative tribunal or agency of this state, may on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, upon it being made to appear that he has associated and personally appearing with him in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state. The associated attorney must maintain an office for the practice of law in this state and be currently registered with the Kansas Supreme Court in accordance with Supreme Court Rule No. 209. Service may be had upon the associated attorney in all matter connected with said action, hearing or proceeding, with the same effect as if personally made on the foreign attorney, within this state, and the foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state. No court, agency or tribunal shall entertain any action, matter, hearing or proceeding while the same is begun, carried on or maintained in violation of the provisions of this rule. Nothing in this rule shall be construed to prohibit any party from appearing personally before any of said courts, tribunals or agencies on his own behalf."

Whether to admit an attorney from another state under the rule is a matter to be determined by the trial judge in the exercise of sound judicial discretion. In order to hold that such discretion has been abused, this court must determine that no reasonable person would take the view adopted by the trial court. Furthermore, one who claims such abuse has the burden of proving that contention. *Lemons v. St. John's Hospital of Salina,* 5 Kan. App. 2d 161, 613 P.2d 957, *rev. denied* 228 Kan. 807 (1980).

Plaintiff asserts he did not have adequate notice of and oppor-

tunity to defend the disqualification motion. This issue was not presented to the trial court and cannot be raised for the first time on appeal. *Anderson v. Overland Park Credit Union,* 231 Kan. 97, Syl. ¶ 6, 643 P.2d 120 (1982).

One underlying issue in this case is whether Skahan is a regularly admitted *practicing* attorney in the State of Missouri. The trial court relied in part on Mo. Ann. Stat. § 484.010, which defines the practice of law in Missouri, and reasoned the statute required Skahan to appear in some capacity in Missouri court proceedings. The court's reliance on the statute was misplaced. The Missouri and Kansas courts have consistently held they are not bound by any legislative definition of what constitutes the practice of law. *Martin v. Davis,* 187 Kan. 473, 357 P.2d 782 (1960); *In re Thompson,* 574 S.W.2d 365 (Mo. 1978); *Automobile Club of Missouri v. Hoffmeister,* 338 S.W.2d 348 (Mo. App. 1960).

In *State ex inf. McKittrick v. Dudley & Co.,* 340 Mo. 852, 858, 102 S.W.2d 895, *cert. denied* 302 U.S. 693 (1937), it was noted the practice of law was not confined to actual appearances in court but included "one who, in a representative capacity, engaged in the business of advising clients as to their rights under the law, or while so engaged, performs any act or acts either in court or outside of court for that purpose . . . ."

Kansas has also adopted broad definitions of the practice of law. In *State v. Schumacher,* 214 Kan. 1, 9, 519 P.2d 1116 (1974), the court stated:

"A general definition of the term frequently quoted with approval is given in *Eley v. Miller,* 7 Ind. App. 529, 34 N.E. 836, as follows:

'As the term is generally understood, the practice of law is the doing or performing of services in a court of justice, in any matter [pending] therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be [pending] in a court.' *State, ex rel., v. Perkins,* 138 Kan. 899, 907, 908, 28 P.2d 765 (1934). . . .

"A more recent source defines the practice of law as 'the rendition of services requiring the knowledge and application of legal principles and technique to serve the interests of another with his consent.' *R.J. Edwards, Inc. v. Hert,* 504 P.2d 407, 416 (Okla., 1972)."

An evidentiary hearing was held at which certain exhibits were admitted into evidence and Skahan testified in substance that he was the head of the employee benefit division of the trust de-

partment of the United Missouri Bank of Kansas City, which division administered well over 1400 pension and profit sharing trusts, as well as many custody accounts and group insurance trusts. His duties included the drafting of prototype plans of various types, the drafting of specific plan provisions for attorneys and others, the drafting of promissory note forms for use by customers of the bank, reviewing numerous real estate transfers for legal sufficiency, the drafting of limited partnership agreements for other attorneys, the establishment of policy regarding legal matters for the entire division, and the supervision of litigation involving employee benefit plan trusts in which the bank was involved, which included consultation with other attorneys regarding specific proposals that may relate to an employee benefit plan to determine legal sufficiency and compliance with various federal regulations. It does not appear Skahan regularly represented clients on his own behalf for his duties with his employer were performed as an employee rather than in a professional representative capacity. He testified, however, that he had a small part-time law practice which involved drafting contracts, benefit plans and wills, consultation with other attorneys, and handling some litigation in Kansas.

The court entered findings and conclusions as follows:

"THE COURT: I am going to make the following observations. I would note that there was a petition filed on May 26th, 1981, in this court, for Daniel P. Skahan, plaintiff, against three defendants, with Daniel P. Skahan's signature contained on the petition as well as Rita M. Abernethy and Paul L. Skahan. Both Rita M. Abernethy and Paul L. Skahan are unknown to me. I do not know anything regarding their legal qualifications except that which has been presented here.

"There is an address for Paul L. Skahan of Shawnee, Kansas, which would lead any reasonable person to assume that he is a Kansas attorney.

"It is the conclusion of this court that Mr. Skahan is attempting to hold himself out as a Kansas attorney.

"I note through Defendants' Exhibit A, on page three, Mr. Skahan has indicated, commencing on line seven, 'Your Honor, the defendant points out that he is neither a member of the Kansas Bar nor a practicing attorney.

"In Exhibit B, Defendants' Exhibit B, the application for extension of time to the Court of Appeals of this State, Mr. Paul L. Skahan again holds himself out as a plaintiff/appellant pro se, and indicates that he does not regularly practice law.

"The evidence that has been presented here today through Mr. Skahan's testimony is that he is a trust officer and that he does a little bit of work on the side.

"It would appear to the court that Mr. Skahan has continued to practice law in this State without a license, without benefit of local counsel.

"I would further note that 484.010, defining the practice of law in the State of

Missouri, is binding upon this court. The practice of law, and hence they define it, 'The practice of law is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record.'

"Mr. Skahan has not testified in this court that that is what he does. It is the conclusion of this court that Mr. Skahan is attempting to practice law in the State of Kansas without a Kansas license.

"It is further the conclusion of this court that the applicable rule which I must apply is under Supreme Court Rule 116, 'Any regularly admitted practicing attorney in the court of record of another state or territory,' and the Supreme Court has obviously intended to put in the wording 'practicing attorney' because that's what they mean, practicing attorney.

"I have concluded that Mr. Skahan is not a practicing attorney in the State of Missouri. This rule goes on to say, 'may on motion be admitted to practice for the purposes of said business only.' There has been no motion made before this court to allow Mr. Skahan to practice, and I also note with the use of the word 'may' the Supreme Court has made it discretionary with the court as to whether or not that motion is granted.

"Since there is no motion before this court I cannot rule on it, but I would indicate to the parties that my inclination would be to deny that motion because Mr. Skahan, the proposed attorney of record, is not a practicing attorney in the State of Missouri. Therefore, he will be stricken as the plaintiff's attorney in this case."

As stated in *Oswald v. State,* 214 Kan. 162, 166-67, 519 P.2d 624 (1974):

"Members in good standing of the bar in other states are, of course, welcome to appear before the courts and administrative agencies of this state, but association with Kansas counsel as required by 7-104 is absolutely essential for the reasons stated therein. [Citation omitted.] This does not mean, however, that the trial court is required to forego its inherent discretionary powers to discipline or control out-of-state counsel where the exigencies of the situation so dictate."

See also *Leis v. Flynt,* 439 U.S. 438, 58 L.Ed.2d 717, 99 S.Ct. 698 (1979); *State v. Ross,* 36 Ohio App. 2d 185, 304 N.E.2d 396 (1973).

Many fine practitioners of law seldom if ever appear in court. Many are engaged as teachers of the law or are in-house counsel who must constantly be aware of the application of the law to various business enterprises. We believe it is taking too narrow a view to conclude one is not a practicing attorney at law simply because he or she does not regularly appear in court. However, admission under K.S.A. 1981 Supp. 7-104 and Supreme Court Rule 116 (228 Kan. lxx) clearly is to be on a case-by-case basis and, as previously noted, is a matter to be resolved by the trial

judge in the exercise of sound judicial discretion. In this instance, it appears Skahan actually resides in Shawnee, Kansas, and pleadings filed in this cause carried his signature over his Kansas residence address. The court concluded his doing so gave the impression he was licensed to practice law in this state. Exhibits A and B admitted into evidence are indications that Skahan sought affirmative relief in other matters in which he was involved as a litigant in the Johnson County District Court and in this court by asserting he was not a "practicing attorney" and that "he does not regularly practice law." The foregoing might well indicate an intent to deceive as proscribed by K.S.A. 7-106, as well as violations of DR 1-102 (A)(4) and DR 2-101 (A), 228 Kan. cii-ciii. The trial judge was entitled to take all of these matters into account in determining whether Skahan was to be admitted *pro hac vice* under our statute and Rule 116. We cannot say the order of disqualification was an abuse of judicial discretion.

The appeal from the order imposing discovery sanctions is dismissed for want of jurisdiction. The order of disqualification of Paul L. Skahan, out-of-state attorney, to appear as counsel for plaintiff in this cause is affirmed.