(658 P.2d 368)
No. 55,301

Roy Arthur Clemence, *Appellee,* v. Bonnie J. Clemence, *Appellant.*

Opinion filed February 17, 1983.

*Donald E. Lambdin,* of Lambdin & Kluge, Chartered, of Abilene, for the appellant.

*Max M. Hinkle,* of Lehman, Guilfoyle & Hinkle, of Abilene, for the appellee.

En Banc.

Foth, C.J.: The defendant, Bonnie L. Clemence, appeals an order of the district court denying her motion to disqualify the plaintiff's attorney. The plaintiff, Roy Arthur Clemence, has moved for dismissal of the appeal on the grounds that the order is interlocutory and therefore this court lacks jurisdiction.

The defendant contends the order is appealable under the "collateral order" doctrine first stated by the Supreme Court of the United States in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 93 L.Ed. 1528, 69 S.Ct. 1221 (1949), and recognized by this court in *Skahan v. Powell,* 8 Kan. App. 2d 204, 653 P.2d 1192 (1982). This doctrine allows an appeal from an interlocutory order which conclusively determines an issue completely separate from the merits of the action, and which cannot be given effective review on appeal from a subsequent final judgment. Such an order is, for the purposes of appellate jurisdiction, a "final order."

In *Skahan,* this court found that an order disqualifying counsel met the standard of the collateral order doctrine. The order determined conclusively an important issue completely separate from the merits of the case, and the difficulties of showing prejudice on appeal from a final judgment made effective review doubtful.

Here, the order appealed from *denies* defendant's motion to disqualify plaintiff's counsel on the grounds of an alleged conflict of interest. Such grounds are amenable to effective appellate

review as shown by *In re Estate of Richard,* 4 Kan. App. 2d 26, 602 P.2d 122 (1979), *rev: denied* 227 Kan. 927 (1980). Under similar facts, the same view has been taken by several federal courts and in particular the United States Supreme Court. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 66 L.Ed.2d 571, 101 S.Ct. 669 (1981).

We therefore conclude the present appeal is interlocutory and we lack jurisdiction. The appeal is dismissed.