(967 P.2d 335)

No. 78,048

STATE OF KANSAS, *Appellee,* v. JOSEPH M. DONAHUE, MICHAEL R. LANIGAN, GERALD W. PRICE, and JAMES GLOVER, *Appellants.*

Opinion filed September 11, 1998.

*Louis A. Silks, Jr.,* of Merriam, for appellants.

*Stephen D. Maxwell,* assistant attorney general, and *Carla J. Stovall,* attorney general, for appellee.

Before MARQUARDT, P.J., GERNON and KNUDSON, JJ.

MARQUARDT, J.: Joseph Michael Donahue, Michael R. Lanigan, Gerald W. Price, and James Glover appeal from the district court's pretrial order that they retain separate counsel. The issue is whether a decision disqualifying an attorney from joint representation of several criminal defendants is an appealable order. We hold that this is not an appealable order and dismiss the appeal.

The State charged the defendants with engaging in the detective business in Kansas while not licensed as private detectives, in violation of K.S.A. 75-7b02, a class A misdemeanor. K.S.A. 75-7b19.

The State objected to defense counsel, Louis A. Silks, Jr., representing more than one of the defendants in this case. The State argued that the defendants had varying degrees of culpability and that it might be amenable to different plea negotiations for each of them. The State noted that it had obtained statements from three of the defendants that would be used at trial. The State also

noted that *State v. Lem'Mons*, 238 Kan. 1, 5-7, 705 P.2d 552 (1985), indicated that any convictions obtained against the defendants would be subject to collateral attack for ineffective assistance of counsel because of Silks' conflict of interest in representing all four defendants.

A hearing was held on the State's motion. The State argued that the convictions would be subject to collateral attack. The State noted that Silks had indicated that the defendants were happy with his representation and would waive any conflict, stating, "If they would do that on the record, I think we would all be covered." The defendants each testified that they had discussed the possibility of a conflict due to joint representation, that they were willing to agree to joint representation, and that they would waive any claim of conflict resulting from joint representation. The defendants each submitted an affidavit stating that they wanted Silks to jointly represent them. The district court denied the State's motion.

The defendants' first trial ended in a mistrial, and the case was reassigned to a different district court judge. The State filed a second motion objecting to joint representation. Based on the record, the district court granted the motion and ordered separate representation for each of the defendants. The defendants appeal this order.

The State argues that this court does not have jurisdiction over this appeal because a criminal defendant does not have the right to an interlocutory appeal.

"The right to appeal in a criminal case is strictly statutory and absent statutory authority there is no right to appeal." *State v. Freeman*, 236 Kan. 274, 276, 689 P.2d 885 (1984). This statutory authority should not be enlarged or expanded by construction. *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). "When the record discloses a lack of jurisdiction, it is the duty of [an appellate] court to dismiss the appeal." *City of Overland Park v. Travis*, 253 Kan. 149, 153, 853 P.2d 47 (1993).

K.S.A. 22-3602(a) governs appealable orders by a defendant in a criminal case and provides, in part:

"Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any

*judgment* against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." (Emphasis added.)

See also K.S.A. 60-2101(a) (providing that appeals from the district court to the Court of Appeals in criminal cases are subject to K.S.A. 22-3601 and K.S.A. 22-3602); *cf.* K.S.A. 22-3606 (except as otherwise provided, the statutes or rules governing procedure on appeals to an appellate court in civil cases apply to criminal appeals).

"For purposes of K.S.A. 22-3602(a), 'judgment' requires both a conviction and a sentence." *State v. Rios*, 19 Kan. App. 2d 350, 352, 869 P.2d 755 (1994); see *City of Kansas City v. Sherman*, 9 Kan. App. 2d 757, 758, 687 P.2d 1383 (1984). In *Rios*, 19 Kan. App. 2d at 354, this court recognized an exception to this rule and allowed the consideration of the merits of an appeal where the defendant had prematurely filed a notice of appeal after a finding of guilty, but prior to sentencing.

K.S.A. 60-2102 provides for interlocutory appeals in civil cases. See *Biritz v. Williams*, 262 Kan. 769, 770, 942 P.2d 25 (1997); *Haas v. Freeman*, 236 Kan. 677, 683, 693 P.2d 1199 (1985). K.S.A. 22-3602 expressly provides that a criminal defendant may appeal from any judgment (construed to mean conviction and sentence) and that when this appeal is taken "any decision of the district court *or intermediate order made in the progress of the case may be reviewed.*" (Emphasis added.)

The defendants cite *Skahan v. Powell*, 8 Kan. App. 2d 204, 206-08, 653 P.2d 1192 (1982), *disapproved on other grounds Reed v. Hess*, 239 Kan. 46, 54, 716 P.2d 555 (1986), and *Barragree v. Tri-County Electric Co-op, Inc.*, 263 Kan. 446, 950 P.2d 1351 (1997), to support their right to appeal the district court's decision ordering them to retain separate counsel. Although both the *Skahan* and *Tri-County* decisions involved civil cases, the defendants argue that the rulings in these cases should apply here. While this argument is somewhat persuasive, the United States Supreme Court has expressly held that a trial court's disqualification of defense counsel in a criminal case does not qualify as an immediately appealable order under the collateral order doctrine. *Flanagan v. United States*, 465 U.S. 259, 270, 79 L. Ed. 2d 288, 104 S. Ct. 1051 (1984).

We conclude that an order disqualifying counsel from joint representation of several criminal defendants is not an appealable order. This conclusion is based on the absence of any express statutory authority for an interlocutory appeal by a criminal defendant, the general rule that there is no judgment in a criminal case until conviction and sentencing, the related assumption in several cases that a criminal defendant has no right to an interlocutory appeal, and the United States Supreme Court's holding in *Flanagan* that a trial court's disqualification of defense counsel in a criminal case does not qualify as an immediately appealable order under the collateral order doctrine.

Because the defendants do not appeal an appealable order, it is not necessary to address any of the other issues raised in their brief.

Appeal dismissed.