Per Curiam:
Dennis McGaugh III seeks to appeal the district court's order denying his motion to seal the probable cause affidavit that led to his arrest in this case. McGaugh contends that the district court erred in its legal interpretation of the statute that governs release of the affidavit, K.S.A. 2017 Supp. 22-2302(c)(4)(C). But since McGaugh's criminal case has not yet reached a final judgment, a criminal defendant cannot take an interlocutory appeal, and the collateral order doctrine does not apply. Finding our lack of subject matter jurisdiction glaring, we dismiss McGaugh's prejudgment appeal without reaching the merits.
Factual and procedural background
McGaugh was charged with first-degree murder in March 2017. Although he was 17 *981 years old at the time, the district court authorized the State to try him as an adult. A reporter for the Wichita Eagle newspaper filed a request for the release of the underlying probable cause affidavit after McGaugh's arraignment, following the procedures set out in K.S.A. 2017 Supp. 22-2302 that allow for that release. In response, both McGaugh and the State filed motions to seal the affidavit or, in the alternative, to redact portions of it.
McGaugh sought to have four statements redacted:
• That he was a gang member;
• that he was on GPS monitoring for another crime at the time of the murder;
• that shell casings found at the scene were the same brand as some found at his home; and
• that he possessed a firearm when he was arrested.
The State, citing public and witness safety concerns, sought to redact the names of certain persons in the affidavit and to replace them with initials.
McGaugh and the State argued their motions at a hearing. The Wichita Eagle was not present to advocate for the release of the affidavit because it waived hearing after McGaugh's counsel "indicated his belief that no hearing should be held."
The relevant statute provides that "[a]fter the warrant or summons has been executed, such affidavits or sworn testimony shall be made available to ... any person, when requested, in accordance with the requirements of this subsection." K.S.A. 2017 Supp. 22-2302(c)(1). The statute provides 10 grounds for granting a motion to seal or redact an affidavit. K.S.A. 2017 Supp. 22-2302(c)(4)(A)-(J).
McGaugh relied on the provision that "[t]he magistrate shall make appropriate redactions, or seal the affidavits or sworn testimony, as necessary to prevent public disclosure of information that would ... interfere with any prospective law enforcement action, criminal investigation or prosecution." K.S.A. 2017 Supp. 22-2302(c)(4)(C). He argued that to "interfere with ... prosecution" includes interfering with the defense. The district court rejected that argument, reasoning that had the legislature intended such meaning, it would have included appropriate language. The district court denied McGaugh's motion but granted the State's motion for redaction.
McGaugh then moved to stay the release of the redacted affidavit so that he could appeal the ruling. The State did not object and the Wichita Eagle was not present to object. The district court granted the request to stay. McGaugh appealed and his counsel filed a docketing statement form that he had substantially altered from the required form. The Wichita Eagle then moved for involuntary dismissal of the appeal for lack of jurisdiction. We denied the motion, retained the appeal "on present showing," and ordered the parties to brief the question of jurisdiction for the panel.
McGaugh's appeal addresses jurisdiction, then contends the district court erred in denying his motion to seal the affidavit. Because our lack of jurisdiction is so clear, we do not reach the merits.
We lack jurisdiction over a defendant's appeal of a pretrial ruling in a criminal case.
An appellate court has a duty to question jurisdiction on its own initiative. "Appellate courts have only such jurisdiction as is provided by law." In re N.A.C. , 299 Kan. 1100, 1106, 329 P.3d 458 (2014) (citing Williams v. Lawton , 288 Kan. 768, 778, 207 P.3d 1027 [ (2009) ] ). Appellate courts exercise unlimited review over jurisdictional issues. Kaelter v. Sokol , 301 Kan. 247, Syl. ¶ 1, 340 P.3d 1210 (2015).
The statutory basis for jurisdiction
Appellate courts are courts of limited jurisdiction and the right to access the appellate courts is wholly statutory. State v. Smith , 304 Kan. 916, 919, 377 P.3d 414 (2016). In defining appellate jurisdiction, "[a]n appellate court has no authority to create an exception to statutory jurisdictional requirements." Wiechman v. Huddleston , 304 Kan. 80, Syl. ¶ 2, 370 P.3d 1194 (2016).
The primary statute granting a defendant the right to appeal in a criminal case is K.S.A. 2017 Supp. 22-3602(a). That statute *982 grants a defendant the right to appeal only "from any judgment against the defendant in the district court." K.S.A. 2017 Supp. 22-3602(a). No appeal may be taken by a defendant in a criminal case until judgment is final. State v. Hickerson , 184 Kan. 483, 484, 337 P.2d 706 (1959). "Judgment" in a criminal case is final only after conviction and sentencing. State v. Hall , 298 Kan. 978, 986, 319 P.3d 506 (2014) (interpreting K.S.A. 22-3601 [a] ). The statutory authority for jurisdiction is not to be enlarged or expanded by construction. State v. Ruff , 252 Kan. 625, 630, 847 P.2d 1258 (1993). Nonetheless, McGaugh tries to do so here.
McGaugh's arguments that a statutory basis for jurisdiction exists
McGaugh tries to create some statutory authority for jurisdiction over his prejudgment appeal in this criminal case by asserting: (1) the district court's denial of his motion to seal was a "final decision;" (2) K.S.A. 2017 Supp. 60-2102(a)(4) provides that "final decisions" may be appealed; and (3) K.S.A. 22-3606 provides that the statutes and rules governing civil appellate procedure apply to criminal appeals. A final judgment is thus unnecessary, he contends.
We disagree. K.S.A. 2017 Supp. 60-2102(a)(4) is included in the code of civil procedure and relates solely to appeals in civil cases. See K.S.A. 2017 Supp. 60-101. A party in a civil action may thus invoke the appellate jurisdiction of the court of appeals from a final decision. K.S.A. 2017 Supp. 60-2102 (a)(4). But a defendant in a criminal action may invoke the appellate jurisdiction of the court of appeals only from a final judgment, as noted above. K.S.A. 2017 Supp. 22-3602(a).
McGaugh contends that K.S.A. 22-3606 permits him to bring this criminal appeal as though it were a civil appeal. That statute provides: "Except as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases." (Emphasis added.) K.S.A. 22-3606. But McGaugh ignores the plain language of that statute's initial clause, italicized above. A defendant's right to appeal in a criminal case is "otherwise provided by statute" in K.S.A. 2017 Supp. 22-3602(a), and that statute does not allow for interlocutory appeals by a defendant. Instead, that statute grants criminal defendants the right to appeal only "from any judgment against the defendant in the district court." K.S.A. 2017 Supp. 22-3602(a). No judgment has yet been entered against McGaugh in district court.
Second, as the language of K.S.A. 22-3606 makes clear, this statute governs procedure during an appeal, and does not govern when a defendant can appeal a criminal case. The latter is governed solely by K.S.A. 2017 Supp. 22-3602, as its language unambiguously states. When a defendant can appeal is the issue here.
Third, McGaugh's construction does not make sense. If the statutes governing civil appeals were invoked in this criminal case, they would swiftly boot the appellant back to the statutes governing criminal appeals. This is because the civil statute establishing the jurisdiction of the appellate court provides: "Appeals from the district court to the court of appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and 22-3602." K.S.A. 60-2101(a). Both of those statutes relate to criminal cases and require appeals to be from a "final judgment," not from a final decision.
No discretionary or interlocutory appeals are permitted by a criminal defendant.
McGaugh argues that because the statute governing a defendant's appeal in a criminal case statute references a defendant's appeal "as a matter of right," some appeals must be discretionary. But because McGaugh cites no authority to support this argument, we consider this issue to be waived. State v. Williams , 303 Kan. 750, 758, 368 P.3d 1065 (2016).
McGaugh could not have prevailed on this issue even had we reached its merits. The relevant statute provides:
"(a) Except as otherwise provided, an appeal to the appellate court having jurisdiction *983 of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto." K.S.A. 2017 Supp. 22-3602(a).
The fact that a defendant has a right to appeal from a judgment does not mean that other appeals must be subject to discretionary review. See Faulkner v. Pegg , No. 6623, 1980 WL 352584, at *2 (Ohio App. 1980) (unpublished opinion) (finding the phrase "appeal as of right" to mean "that there is a right of appeal to the court of appeals which may not be denied."). Instead, the statute's plain language states that a defendant has a right to appeal to the appellate court having jurisdiction of the appeal from any judgment against a defendant in the district court, except that "[n]o appeal shall be taken by the defendant from a judgment ... upon a plea of guilty or nolo contendere.") K.S.A. 2017 Supp. 22-3602(a).
The express language of this statute also refutes McGaugh's assertion that a criminal defendant may take an interlocutory appeal. It provides instead that after a judgment against the defendant is made, the defendant has a right to appeal and at that time "any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 2017 Supp. 22-3602(a). It thus specifically contemplates that intermediate orders, such as one denying a motion to seal an affidavit, may be appealed by a defendant only after a judgment is reached.
The only interlocutory appeals authorized by statute in criminal cases are those taken by the State, and then only from the specific types of orders listed in that statute-those quashing a warrant or search warrant and those suppressing evidence, a confession, or an admission. K.S.A. 2017 Supp. 22-3603. Thus the State could not have taken an interlocutory appeal of the district court's decision denying its motion to seal the affidavit. McGaugh shows no reason why he should be permitted to appeal, when the State cannot.
The collateral order doctrine has not been applied in Kansas criminal cases.
McGaugh also argues that the collateral order doctrine provides jurisdiction for his appeal. This doctrine in Kansas provides a potential basis for jurisdiction over a narrow class of orders in civil cases. To be appealable under the collateral order doctrine, an order must " '(1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment.' [Citation omitted.]" Kansas Medical Mut. Ins. Co. v. Svaty , 291 Kan. 597, 612, 244 P.3d 642 (2010).
McGaugh argues that State v. LaPointe , 305 Kan. 938, 390 P.3d 7 (2017), "implies that the Kansas Supreme Court is willing to consider the collateral order doctrine in the context of a criminal appeal, if warranted by the facts of the particular case." But the Supreme Court in LaPointe explicitly declined to consider whether the doctrine could be applied in criminal cases:
"We also decline the State's invitation to consider whether the collateral order doctrine might apply because under the facts of this case, at least, we are not persuaded the State could meet that doctrine's third requirement of showing that the issue is effectively unreviewable on appeal from a final judgment." ( Emphasis added.) 305 Kan. at 954-55, 390 P.3d 7.
This dicta is a far cry from endorsing the use of the collateral order doctrine in criminal cases. McGaugh cites no Kansas criminal case that has applied the doctrine. Indeed, there is none.
McGaugh omits reference to adverse published cases on point
McGaugh also fails to acknowledge our cases rejecting the use of the collateral order *984 doctrine in criminal cases. Yet published cases from our court have consistently done so.
In State v. Webb , 52 Kan. App. 2d 891, 378 P.3d 1107 (2016), rev. denied 306 Kan. 1331 (2017), the district court denied the defendant's motion to dismiss the complaint after his first trial ended in a mistrial. On appeal, the defendant argued that we should adopt federal caselaw applying the collateral order doctrine to allow interlocutory appeals that raise double jeopardy claims. We refused to do so because such a course would ignore both the statutory nature of the right to appeal and Kansas caselaw. We held that because the Kansas statute allows only for appeals from a judgment, which requires a conviction and sentence, we lacked jurisdiction. 52 Kan. App. 2d at 898, 378 P.3d 1107.
In State v. Fisher , 2 Kan. App. 2d 353, 579 P.2d 167 (1978), we refused to apply the collateral order doctrine to an order denying a motion to dismiss on double jeopardy grounds, even though federal courts have done so. We found it significant that the federal statute, 28 U.S.C. § 1291 (1982), allowed federal courts of appeals to review "all final decisions of the district courts" in both civil and criminal cases, unlike the Kansas statute that permits a criminal defendant to appeal only after a judgment. 2 Kan. App. 2d at 356, 579 P.2d 167.
Similarly, in State v. Donahue , 25 Kan. App. 2d 480, 967 P.2d 335 (1998), we dismissed the defendant's appeal of an order disqualifying defense counsel, finding it to be an interlocutory appeal for which we lacked jurisdiction. We based that ruling on:
"[T]he absence of any express statutory authority for an interlocutory appeal by a criminal defendant, the general rule that there is no judgment in a criminal case until conviction and sentencing, [and] the related assumption in several cases that a criminal defendant has no right to an interlocutory appeal, and the United States Supreme Court's holding in Flanagan that a trial court's disqualification of defense counsel in a criminal case does not qualify as an immediately appealable order under the collateral order doctrine." 25 Kan. App. 2d at 483, 967 P.2d 335.
See Flores Rentals v. Flores , 283 Kan. 476, 486, 153 P.3d 523 (2007). Cf. State v. Cameron , 32 Kan. App. 2d 187, 189-90, 81 P.3d 442 (2003) (Finding a district court's decision to revoke a diversion agreement is a not an appealable order based on "the absence of any express statutory authority allowing a criminal defendant to take an interlocutory appeal, the general rule ... that a judgment does not exist in a criminal case until conviction and sentencing, and a related assumption that a criminal defendant has no right to an interlocutory appeal because he or she can address any intermediate order of the court when appeal of the conviction is ultimately taken."). Our published cases examining prejudgment appeals by criminal defendants thus provide no support for McGaugh's theory of jurisdiction.
McGaugh's reliance on United States Supreme Court cases is misplaced
McGaugh relies on two United States Supreme Court cases to support his proposition that we should apply the collateral order doctrine here. The first, Cohen v. Beneficial Loan Corp. , 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), merely established the three elements of the collateral order doctrine later adopted by the Kansas Supreme Court in Kansas Medical Mut. Ins. Co. , 291 Kan. at 612, 244 P.3d 642. Because it is a civil case which does not discuss the doctrine's application in a criminal case, Cohen adds nothing to McGaugh's contention that the doctrine should apply here.
The second case is Carroll v. United States , 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957). But Carroll merely acknowledged that under Cohen , "very few" orders relating to a criminal case could be immediately appealed. It noted that its only decision applying Cohen 's reasoning to a criminal case was an order relating to the amount of bail. Carroll , 354 U.S. at 403, 77 S.Ct. 1332. The order from which McGaugh seeks to appeal is not such an order.
The Supreme Court has interpreted the collateral order doctrine with " 'the utmost strictness in criminal cases,' " and has narrowly limited its application.
*985 Midland Asphalt Corp. v. United States , 489 U.S. 794, 799, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). The Court has "found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause. [Citations omitted.]" Midland Asphalt , 489 U.S. at 799, 109 S.Ct. 1494. Thus, the Supreme Court has allowed criminal defendants to take an immediate appeal from the denial of a pretrial motion only "when the right at issue is properly understood to be a right not to be tried." Class v. United States , 583 U.S. ----, 138 S.Ct. 798, 811, 200 L.Ed.2d 37 (2018) (Alito, J., dissenting). The denial of McGaugh's motion to seal does not arguably touch upon that right. The United States Supreme Court cases do not support McGaugh's position.
Even if the collateral order doctrine applied in criminal cases, the order denying McGaugh's motion to seal does not arguably qualify
To fall within the collateral order doctrine in a civil case in Kansas, the appellant must show that the order appealed from meets the three-pronged test from Kansas Medical Mut. Ins. Co. - the order must conclusively determine the disputed question, must resolve an important issue completely separate from the merits of the action, and must be effectively unreviewable on appeal from a final judgment. Kansas Medical Mut. Ins. Co. , 291 Kan. at 612, 244 P.3d 642. McGaugh fails to do so. To meet this latter requirement, the order "must implicate rights which could be lost or irreparably harmed if immediate review were denied." Reed v. Hess , 239 Kan. 46, 54, 716 P.2d 555 (1986) (quoting Coleman v. Sherwood Medical Industries , 746 F.2d 445, 446 [ (8th Cir.1984) ] ).
Even if McGaugh could meet the first two parts of this test, he cannot meet the third. McGaugh contends that the affidavit, if unsealed, would reveal highly prejudicial and inadmissible evidence that would jeopardize his right to a fair trial. But this claim is no different than a typical claim about adverse pretrial publicity. Prejudice resulting from pretrial publicity is routinely reviewed after a final judgment by direct appeals or K.S.A. 60-1507 motions claiming ineffective assistance of counsel for failing to seek a change of venue or failing to properly voir dire the jury pool. See, e.g., State v. Chapman , 306 Kan. 266, 268, 392 P.3d 1285 (2017) ; State v. Roeder , 300 Kan. 901, 907, 336 P.3d 831 (2014). This includes complaints, as here, that defendant would be prejudiced by pretrial release of information that would perhaps be inadmissible at trial. See, e.g., State v. Carr , 300 Kan. 1, 49, 331 P.3d 544 (2014), rev'd on other grounds --- U.S. ----, 136 S.Ct. 633, 193 L.Ed.2d 535 (2016) ; State v. Longoria , 301 Kan. 489, 507, 343 P.3d 1128 (2015).
Kansas Medical Mut. Ins. Co. repeats Kansas' strong policy against piecemeal appeals and emphasizes that the Kansas Supreme Court continually limits the availability of the collateral order doctrine as a basis for appellate jurisdiction even in civil cases. 291 Kan. at 616, 244 P.3d 642. In Kansas Medical Mut. Ins. Co. , our Supreme Court relied extensively on Mohawk Industries, Inc. v. Carpenter , 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009). Our Supreme Court noted that the United States Supreme Court "expressed concern that if it approved collateral order appeals in the context of confidentiality or privilege many more litigants 'would also likely seek to extend such a ruling to disclosure orders implicating many other categories of sensitive information, raising an array of line-drawing difficulties.' Mohawk , [558 U.S. at 113, 130 S.Ct. 599]." Kansas Medical Mut. Ins. Co. , 291 Kan. at 614, 244 P.3d 642. McGaugh would characterize the probable cause affidavit at issue here as "sensitive information." So even if this were a civil case to which the collateral order doctrine could perhaps apply, the type of information McGaugh seeks to protect is a type excluded from the doctrine's application.
McGaugh contends that his claim differs from those above because the district court misinterpreted K.S.A. 2017 Supp. 22-2302(c)(4)(C) by finding that it protects information that would interfere with the prosecution of a case but does not protect information that would interfere with the defense of a case. McGaugh claims the release of the *986 affidavit moots the district court's interpretation of this statute and precludes appellate review of this legal issue on direct appeal. But we do not understand, and McGaugh does not explain, how. We review similar legal issues all the time. McGaugh conclusorily asserts this interpretation offends equal protection and due process, but he fails to develop those assertions and fails to show why his claims of legal or constitutional error cannot be brought after a final judgment is reached, as is required.
McGaugh has cited no case from any jurisdiction that has applied the collateral order doctrine in a criminal case to review a comparable matter. We have found none. In fact, our research reveals only the contrary. See, e.g., United States v. Guerrero , 693 F.3d 990, 998 (9th Cir.2012) (finding "any alleged incursions on criminal defendants' rights to privacy and a fair trial do not render the unsealing order effectively unreviewable on appeal such that collateral order review would be justified. ... [A]lternatives to sealing, such as careful screening of prospective jurors and moving the location of the trial, are available to protect defendants' right to a fair trial."). McGaugh has shown no reason why his claim is arguably unreviewable on appeal from a final judgment.
Dismissed for lack of jurisdiction.
I agree wholeheartedly with the majority's conclusion and rationale but write separately to comment on the way in which McGaugh initially invoked this court's jurisdiction for this prejudgment appeal. He took several unfounded liberties with our docketing statement that should not be repeated.
Kansas Supreme Court Rule 2.041(e) (2018 Kan. S. Ct. R. 17) requires counsel who appeal to use the judicial council form for every docketing statement. The Rule states: "(e) Form. A docketing statement and an answer to a docketing statement must be on the applicable judicial council form." (2018 Kan. S. Ct. R. 18). That requirement is for good reason-it permits our staff and motions panel to review the case early to determine, among other things, whether it should be dismissed for lack of jurisdiction. In fact, all appellants are told in the docketing statement for criminal cases that "the docketing statement is used by the court to determine jurisdiction." This case is no exception.
McGaugh's counsel altered the judicial council form for his docketing statement in several significant ways important to our determination of jurisdiction. First, counsel added a new line to question 2c to describe the disposition of his case in district court. The docketing statement provides four options as to how the criminal case was disposed of by the district court, each of which presumes the existence of a final judgment:
"___ Jury trial
___ Bench trial
___ Plea
___ Dismissal"
Realizing that none of the above applied to his prejudgment appeal, McGaugh's counsel created his own fifth option to this question and marked it:
"_ X _ Final Order Allowing Release of Probable Cause Affidavit and denying requested retractions."
Although the docketing statement required for civil cases contains a fifth option for 2c-"Other"-the docketing statement required for criminal cases does not, for good reason.
Second, McGaugh's counsel made substantial changes to question 3, "Jurisdiction." He gave a non-responsive answer when asked for the "date sentence was pronounced from the bench," then added three new subsections of his own which he labeled 3 b, c, and d. These deviations from the required docketing statement are shown below in italics:
"3. Jurisdiction
a. Date sentence was pronounced from bench: The release of the affidavit is stayed.
b. Date Motion to Release Probable Cause Affidavit filed: April 13, 2017 .
c. Date Defendant's Motion to Seal or Redact filed: April 17, 2016 [sic].
d. Date Journal Entry granting Motion to Release and denying Defendant's Motion to Seal or Redact filed : April 28, 2017. " (Emphases added).
*987 McGaugh's counsel then changed the required docketing statement's sections 3 b, c, d, e, and f, which all relate to jurisdiction, to his sections 3 e, f, g, h, and i, respectively, without changing the substance of those sections. Although the docketing statement for civil cases contains a jurisdictional "catch all" provision, which permits the appellant to state the basis on which the order is appealable if it is neither a final order nor an order certified under K.S.A. 2017 Supp. 60-254(b), the docketing statement required for criminal cases does not, for good reason.
Third, McGaugh's counsel intentionally omitted, as the statutory authority for the appeal, the primary statute governing a defendant's right to appeal in a criminal case- K.S.A. 2017 Supp. 22-3602(a). Question 3d of the required docketing statement (marked as 3g on McGaugh's altered docketing statement) requires a party to state the "statutory authority for appeal." In response, McGaugh's counsel listed two statutes: K.S.A. 2017 Supp. 60-2102(a)(4) (a civil statute) and K.S.A. 22-3606 (which governs some procedure during an appeal but does not create statutory authority to appeal). The majority opinion fully refutes any reasonable reliance on those statutes as providing a basis for a criminal defendant's prejudgment appeal.
The only other "statutory authority" for appeal McGaugh's counsel listed on his altered docketing statement was not a statute at all-it was the case of Skahan v. Powell , 8 Kan. App. 2d 204, 206, 653 P.2d 1192 (1982). Skahan held that an order disqualifying an attorney was appealable under the collateral order doctrine. But Skahan was disapproved on other grounds by Reed v. Hess , 239 Kan. 46, 54, 716 P.2d 555 (1986), and was then abrogated by Flores Rentals v. Flores , 283 Kan. 476, 490, 153 P.3d 523 (2007). McGaugh's altered docketing statement omits Skahan 's negative history. And Skahan , a civil case, provided no support even before its abrogation for McGaugh's contention that the collateral order doctrine applies in Kansas in a criminal case.
Fourth, McGaugh's statement of material facts (Question 6) concludes by erroneously stating: "The district court entered an order staying the criminal case to allow Defendant to appeal this ruling." In fact, the district court did not stay the criminal case-it merely stayed its order declining to seal the affidavit, thus delaying only the release of the redacted information in the affidavit. As McGaugh's counsel acknowledged during oral argument, the criminal case below is proceeding to trial at the same time this appeal is proceeding. This procedural posture creates its own problems, as "[t]he district court and the appellate courts cannot both have jurisdiction of a pending case at the same time." State v. Freeman , 234 Kan. 278, 282, 670 P.2d 1365 (1983).
The Kansas Supreme Court has recently emphasized that its rules mean what they say and are ignored at a litigant's own peril. See State v. Godfrey , 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) ; State v. Williams , 298 Kan. 1075, 1085, 319 P.3d 528 (2014). The same should apply to a litigant who does not ignore a rule, but bends it beyond its intended parameters to the court's detriment.
Soon after McGaugh docketed the case, the Wichita Eagle moved for involuntary dismissal for lack of jurisdiction. Our motions panel examined the jurisdictional issue then denied the motion. Our motions panel handles over 12,000 motions per year and thus I cannot say conclusively that it would have readily recognized the jurisdictional flaw had McGaugh not significantly altered the docketing statement. But I will say that our judicial system has very limited resources and no time to waste on unwarranted appeals such as this one.