NOT DESIGNATED FOR PUBLICATION

No. 127,511

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SHANNON MARY MARIE ALLISON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed September 19, 2025. Appeal dismissed.

*Ryan J. Eddinger,* of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith,* assistant deputy district attorney, *Mike Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Shannon Mary Marie Allison faced several drug-related charges across two cases and, pursuant to a global plea, agreed to plead guilty to possession of methamphetamine in exchange for dismissal of all the remaining charges. Allison apparently later regretted the plea agreement and therefore sought to withdraw her plea. The State did not oppose Allison's motion to withdraw her plea but warned it would use her breach of the plea agreement as an opportunity to refile all the original charges or even potentially more severe charges. Undeterred, Allison continued to pursue withdrawal of her plea—which the district court granted—and, as threatened, the State

1

filed a superseding indictment charging Allison with a bevy of crimes. After a trial in which a jury found Allison guilty of all charges, the district court granted her a downward durational departure and sentenced her to a reduced controlling prison term of 50 months.

After being sentenced to a significantly more severe prison term than she likely would have received under the withdrawn plea agreement, Allison appealed the district court's grant of her motion to withdraw her plea. Unfortunately for Allison, she cannot have the best of both worlds by appealing the district court's favorable ruling—which she pursued and requested. This court lacks subject matter jurisdiction to consider Allison's appeal of the district court's favorable decision, and thus her appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, the State charged Allison with possession of methamphetamine, possession of drug paraphernalia, misdemeanor interference with law enforcement, and a misdemeanor traffic-related offense stemming from an incident in February 2020. Allison then had additional contact with law enforcement in October 2021 which resulted in additional charges. Pursuant to a plea agreement, Allison pled guilty to possession of methamphetamine in exchange for the State dismissing the remaining counts, including any from the October 2021 incident. As part of the plea agreement, Allison agreed not to "make any motion to withdraw the plea." The plea agreement included a joint sentencing recommendation for the standard mid-box presumptive sentence.

At the subsequent sentencing hearing, Allison submitted a pro se motion to withdraw her guilty plea, alleging ineffective assistance of counsel. The district court then conducted a hearing on Allison's motion. After hearing from Allison and her counsel about the breakdown of their attorney-client relationship, the district court appointed Allison new counsel but refrained from ruling on her pro se motion to withdraw her plea.

2

The State did not oppose Allison's motion to withdraw her guilty plea but warned it would refile the dismissed charges—including any from the October 2021 case—or potentially even more severe charges. Represented by new counsel at the hearing, Allison acknowledged the risk of withdrawing her plea and informed the district court she still wanted to pursue withdrawal. Allison's new counsel requested that Allison "acknowledge that if she goes to withdraw her plea, the parties are put back in the position they were in before the pleas were entered" and therefore "all charges that were filed or could be filed are back on the table in both matters." The district court therefore asked Allison, "Knowing that you would be put back into the position that you were originally in, you'd have more than one case pending, you may face greater charges than you are now facing, is that what you would like to do?" Allison responded, "Yes." The district court then granted Allison's motion and permitted her to withdraw her guilty plea.

Consistent with its admonition, the State filed a superseding indictment and charged Allison with possession of methamphetamine with intent to distribute, possession of methamphetamine, two counts of misdemeanor possession of drug paraphernalia, misdemeanor interference with law enforcement, and various traffic-related offenses—one of which the State later dismissed. The case proceeded to trial, and the jury returned a guilty verdict on all counts. Prior to sentencing, Allison filed a motion for a downward dispositional or durational departure. The district court granted Allison a downward durational departure and sentenced her to a reduced controlling prison term of 50 months. Allison subsequently filed a notice of appeal, appealing "every adverse ruling by the District Court."

DISCUSSION

Allison's sole claim on appeal seeks reversal of the district court's decision *granting* her motion to withdraw her guilty plea, claiming the court's decision was an abuse of its discretion. The State seeks dismissal of this appeal, arguing this court lacks

appellate jurisdiction to consider Allison's claim because she may only appeal adverse judgments—not favorable ones. See K.S.A. 22-3602(a). Allison failed to address the State's jurisdiction argument.

Courts must have jurisdictional authority to hear and confer a judgment in an action before the matter may be considered by the court, including authority over the parties and the subject of the dispute. *In re Marriage of Williams*, 307 Kan. 960, 968, 417 P.3d 1033 (2018) ("A court must have the power to decide the claim before it [subject-matter jurisdiction] and power over the parties before it [personal jurisdiction] before it can resolve a case."). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). Both the Kansas Constitution and applicable statutes confer subject matter jurisdiction on the courts. *In re Marriage of Williams*, 307 Kan. at 967; *Miller v. Glacier Development Co.*, 293 Kan. 665, Syl. ¶ 1, 270 P.3d 1065 (2011) ("Subject matter jurisdiction is vested by statute."). A judgment rendered without subject matter jurisdiction is therefore void, and a void judgment is a nullity that may be vacated at any time. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). This means that a court may not enter a judgment in a matter where it lacks subject matter jurisdiction.

Parties cannot confer subject matter jurisdiction on a court by consent, waiver, estoppel, or failing to contemporaneously object to the court's lack of jurisdiction. *State v. Soto*, 310 Kan. 242, 249, 445 P.3d 1161 (2019). Accordingly, allegations of lack of subject matter jurisdiction may be raised at any time, including for the first time on appeal, and this court has a duty to question jurisdiction on its own initiative. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021); *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018). "[W]hen the record shows a lack of jurisdiction, the appellate court must dismiss the appeal." *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, Syl. ¶ 1, 284 P.3d 337 (2012). This court exercises unlimited review over questions of appellate jurisdiction. *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019). To

the extent determination of this court's jurisdiction requires statutory interpretation—as is the case here—it likewise exercises unlimited review. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009) ("Because subject matter jurisdiction is ordinarily conferred by statute, it should be noted that the interpretation of a statute is also a question of law subject to unlimited review.").

Unlike jurisdiction in some other courts, "[t]he right to appeal is purely a statutory right; no appellate review is required by the United States Constitution or the Kansas Constitution." *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008). Therefore, this court only has authority to hear and confer judgment in those cases where appellate jurisdiction is conferred by statute. *State v. McCroy*, 313 Kan. 531, 534, 486 P.3d 618 (2021) ("In Kansas, the right to appeal is entirely statutory and, as a general rule, appellate courts may exercise jurisdiction only when authorized to do so by statute."). Moreover, in reviewing statutory authority for appellate review, this court should not interpret statutes so as to enlarge or expand its appellate jurisdiction beyond that provided by the plain meaning of the statute's text. *State v. McGaugh*, 56 Kan. App. 2d 286, 290, 427 P.3d 978 (2018).

Therefore, this court must interpret whether the statute under which Allison seeks appellate review confers jurisdiction over her claim. "The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be ascertained." *In re M.M.*, 312 Kan. 872, 874, 482 P.3d 583 (2021). That review begins with the plain language of the statute, "giving common words their ordinary meaning." 312 Kan. at 874. When the statute is unambiguous, this court should refrain from speculating about legislative intent or reading more into the language than is contained in its plain words. 312 Kan. at 874.

Allison's appeal invokes the statute that provides a criminal defendant may take an appeal to this court "as a matter of right from any judgment against the defendant in the

5

district court." K.S.A. 22-3602(a); see *McGaugh*, 56 Kan. App. 2d 286, Syl. ¶ 2 ("Statutes permit a criminal defendant the right to appeal only from any judgment *against* the defendant in the district court." [Emphasis added.]). The plain and unambiguous language of the statute permits defendants to seek appellate review of judgments *against them.* The right to appeal is therefore limited to adverse judgments. The Legislature could have permitted a criminal defendant to appeal any judgment by omitting the word "against" in the statute. But instead, the Legislature explicitly included language to limit defendants' right to appeal only to those judgments entered against them. To exercise jurisdiction over Allison's appeal, this court would have to ignore the phrase "against the defendant," which would clearly be contrary to the Legislature's intent to limit the circumstances in which defendants may seek appellate review.

This court's interpretation that K.S.A. 22-3602(a) only permits defendants to appeal adverse judgments is consistent with common sense and logic and the court's long held precedent that defendants may not claim error from their own requests. See *State v. Ervin*, 320 Kan. 287, 294, 566 P.3d 481 (2025) ("[G]enerally invited errors are not reviewable."). "The invited error doctrine precludes a party from asking a district court to rule a certain way and then challenging that ruling on appeal." *State v. Peters*, 319 Kan. 492, 516, 555 P.3d 1134 (2024). "[W]hen a defendant actively pursues what is later argued to be an error, then the doctrine most certainly applies." *State v. Sasser*, 305 Kan. 1231, 1236, 391 P.3d 698 (2017). Permitting appellate review of both adverse and favorable judgments could create a litigation turnstile without exit.

The district court's decision to grant Allison's motion to withdraw her plea—which she adamantly requested—was not an adverse judgment. It was a judgment in her favor. Allison's later contrition from requesting the plea withdrawal because the State successfully pursued a more severe sentence does not make the district court's decision adverse. While this court empathizes with Allison's eventual regret over seeking to

6

withdraw her plea, that regret is not appealable. There is no statutory authority for Allison's appeal, and it must accordingly be dismissed for lack of appellate jurisdiction.

Finally, as the State points out, K.S.A. 60-2103(b) requires an appellant's notice of appeal to, among other things, "designate the judgment or part thereof appealed from." Appellate courts therefore have "authority to review only those rulings reasonably identified in the notice of appeal." *State v. Coman*, 294 Kan. 84, Syl. ¶ 1, 273 P.3d 701 (2012); *State v. Bogguess*, 293 Kan. 743, Syl. ¶ 6, 268 P.3d 481 (2012) ("An appellate court only obtains jurisdiction over the rulings identified in the notice of appeal."). Allison's notice of appeal stated she was appealing "every adverse ruling by the District Court," but her appeal does not challenge an adverse ruling—it challenges a favorable one. As such, Allison's appeal is also beyond the scope of her notice of appeal.

CONCLUSION

Allison's decision to challenge a favorable ruling forecloses her appeal. The plain and unambiguous language of K.S.A. 22-3602(a) only permits defendants to appeal adverse judgments—not favorable ones. Allison's regret from jumping ship on the plea deal to roll the dice on a jury trial does not render adverse the district court's decision to grant her motion. There is simply no statutory authority for Allison's appeal, and it must accordingly be dismissed for want of appellate jurisdiction.

Appeal dismissed.